## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JULIAN ROSS,

                Plaintiff,

v.

BENCHLING, INC.,

                Defendant.

CIVIL ACTION NO.: _____

[*Hampshire County Superior Court Case No. 2580 CV 00126*]

### NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Benchling, Inc. ("Benchling"), by and through its undersigned counsel, hereby respectfully files this Notice of Removal of *Julian Ross v. Benchling, Inc.,* pending in the Commonwealth of Massachusetts, Hampshire County Superior Court, Case No. 2580 CV 00126.  In support of this Notice, Defendant states as follows:

### THE STATE COURT ACTION

1.      On September 2, 2025, Plaintiff Julian Ross ("Plaintiff") initiated the above-captioned matter by filing a Complaint in the Commonwealth of Massachusetts, Hampshire County Superior Court, captioned *Julian Ross v. Benchling, Inc.* (the "State Court Action"). A copy of the State Court Action Complaint (the "Complaint") is attached hereto as **Exhibit 1**, and a copy of the State Court Action Civil Cover Sheet is attached hereto as **Exhibit 2**.

2.      Plaintiff served Benchling with the Summons and Complaint on September 23, 2025. *See* Summons and Proof of Service of Process, attached hereto as **Exhibit 3**.

3.      In the Complaint, Plaintiff alleges the following causes of action: (1) disability discrimination in violation of Mass. Gen. Laws ch. 151B, § 4(16); (2) retaliation in violation of

Mass. Gen. Laws ch. 151B, § 4(4); (3) retaliation in violation of Mass. Gen. Laws ch. 175M, § 9(d); (4) wrongful termination in violation of public policy; (5) promissory estoppel; (6) unlawful interception of communications in violation of Mass. Gen. Laws ch. 272, § 99; (7) invasion of privacy in violation of Mass. Gen. Laws ch. 214, § 1B; and (8) intentional infliction of emotional distress. (Ex. 1, ¶¶ 36–42, 44–48, 50–58, 60–67, 69–78, 80–85, 87–92, 94–100).

4.      Plaintiff seeks monetary damages including but not limited to: "[b]ack pay in the form of lost wages, commissions, bonuses, stock options, and other compensation and benefits"; "[f]ront pay in lieu of reinstatement, including future lost wages and diminished earning capacity"; "[l]iquidated damages [] in an amount equal to the sum of lost wages, interest, and other compensation"; treble damages; compensatory damages; and punitive damages. (*Id.*, ¶¶ 105–110). Plaintiff also seeks injunctive relief and attorneys' fees, interest, and costs incurred in bringing the action. (*Id.*, ¶¶ 111–113).

5.      By Plaintiff's own calculations, he seeks at least $1,050,000 in monetary damages. Plaintiff estimates his damages under Mass. Gen. Laws ch. 212, § 3A as follows: more than $300,000 in documented lost wages and compensation to date; $500,000 in reasonably anticipated lost wages; and $250,000 in other documented damages, including forfeited stock options, emotional distress, reputational harm, and loss of employment opportunities. (Ex. 2).

## GROUNDS FOR REMOVAL

6.      Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.     This Court has original jurisdiction over the State Court Action pursuant to diversity-of-citizenship jurisdiction. Under 28 U.S.C. § 1332(a)(1), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and is between "citizens of different States."

8.     It is undisputed that complete diversity of citizenship exists in the State Court Action.

9.     Benchling is a Delaware corporation and maintains its principal place of business and corporate headquarters in San Francisco, California. (Ex. 1, ¶ 4) .

10.     Plaintiff is a citizen and resident of the state of Massachusetts. (Ex. 1, ¶ 3).

11.     In addition, it is undisputed that the State Court Action satisfies the amount-in-controversy requirement.

12.     Plaintiff's alleged damages far exceed the $75,000 jurisdictional threshold for diversity-of-citizenship jurisdiction. (Ex. 2). *See* 28 U.S.C. § 1446(c).

13.     Accordingly, this Court has jurisdiction over all the claims set forth in the Complaint and removal of the State Court Action to this Court is proper based on diversity-of-citizenship jurisdiction.

## REMAINING PROCEDURAL REQUIREMENTS

14.     Pursuant to 28 U.S.C. § 1446(a), Benchling files this Notice of Removal in the district court of the United States for the district and division within which the State Court Action is pending.

15.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action (including the Summons and Complaint) are attached hereto as Exhibits 1–3. In addition, pursuant to L.R., D. Mass. 81.1(a), Benchling will file certified copies of all records

and proceedings in the State Court Action within twenty-eight (28) days after filing this Notice of Removal.

16.     Plaintiff served Benchling with the Summons and Complaint on September 23, 2025. (Ex. 3). This Notice of Removal has been filed within thirty (30) days of the issuance of the Summons and Complaint to Benchling, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

17.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), no other defendants have been properly joined and served in the State Court Action, and thus no other defendants must join in or consent to removal of the State Court Action.

18.     A copy of the Notice of Filing Notice of Removal, attached hereto as **<u>Exhibit 4</u>**, will be promptly filed with the clerk of the Hampshire County Superior Court and served on Plaintiff pursuant to 28 U.S.C. § 1446(d).

19.     Based on the foregoing, this Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a)(1), and the State Court Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE**, Defendant Benchling, Inc. hereby respectfully removes the Hampshire County Superior Court State Court Action to the United States District Court for the District of Massachusetts.

Dated: October 9, 2025             Respectfully submitted,

**BLETZER & BLETZER, P.C.**

*/s/ Conrad J. Bletzer, Jr.*
Conrad J. Bletzer, Jr., BBO No. 045760
300 Market Street
Brighton, MA 02135
617.254.8900
conrad@bletzerlaw.com

Shawn D. Fabian, Ill. Bar No. 6310637 (*pro hac vice* admission pending)
Katherine Oblak, Ill. Bar No. 6307200 (*pro hac vice* admission pending)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
312.499.6300
sfabian@sheppardmullin.com
koblak@sheppardmullin.com

*Attorneys for Defendant Benchling, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE OF REMOVAL was electronically filed with the Clerk of the Court and that a copy of the foregoing instrument was sent by first-class U.S. mail, postage prepaid, on October 9, 2025, addressed to the following parties:

Julian Ross

105 East Street, Apt. B

Hadley, MA 01035

jross2l@gmail.com

*/s/ Conrad J. Bletzer, Jr.*