UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:25-cv-30158-MGM

|  |  |
|---|---|
| JULIAN ROSS, *Plaintiff* | ) ) ) ) |
| v. | ) ) |
| BENCHLING, INC. *Defendant* | ) ) ) ) |

**PLAINTIFF'S MOTION FOR PRESERVATION AND FORENSIC ASSURANCES REGARDING THE "BENCHLING OFFER ILLUSTRATOR" FILE MARKED "DELETED"**

**Introduction**

1.     Plaintiff Julian Ross respectfully moves the Court for relief under Fed. R. Civ. P. 37(e) and this District's inherent authority concerning the deletion and uncertain preservation status of a key electronically stored document—the shared Google Sheets file titled "Benchling Offer Illustrator".

2.     As documented in Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and supporting Declaration (ECF Nos. 19, 19-3; **Exhibit A**), this internal Benchling Google Sheet spreadsheet file was used by Sales Development Manager Christian Haas-Kwon to form an agreement with Plaintiff regarding employment terms, including salary and stock-option compensation, before any DocuSign onboarding or arbitration materials were presented. Google Workspace now reports the file as "deleted."

3.     Benchling's counsel has declined to confirm, on multiple occasions, when the litigation hold was issued, which custodians and systems it covered, or whether metadata, revision history,

and deletion logs for this document remain intact. Without those details, Plaintiff cannot verify that Benchling has satisfied its preservation duties or that relevant evidence has not been lost.

## Background

4.      In March 2021, Benchling's Sales Development Manager Christian Haas-Kwon personally recruited Plaintiff through LinkedIn and served as Plaintiff's primary point of contact during the hiring process.

5.      During final salary and equity negotiations, on or about May 10, 2021, Mr. Haas-Kwon created and shared a Google Sheets document titled "Benchling Offer Illustrator," hosted on Benchling's corporate Google Workspace, to model and adjust proposed compensation terms. (**Exhibit B**) Plaintiff and Mr. Haas-Kwon edited this shared spreadsheet in real time to finalize base salary, commission targets, and stock-option allocations. The agreed-upon figures reflected in that spreadsheet formed the basis of the parties' offer and acceptance before any onboarding materials or arbitration documents were presented through DocuSign. As later confirmed in Google Workspace, that same "Benchling Offer Illustrator" file now appears as "deleted," (**Exhibit C**) and Benchling has declined to confirm whether it or its associated metadata remain recoverable.

6.      On November 22, 2022, Plaintiff's then-counsel formally transmitted a written demand and litigation-hold notice to Benchling, explicitly directing the company to preserve all documents, electronic files, and communications relevant to Plaintiff's employment, termination, and related claims. Benchling's duty to preserve therefore attached as of November 22, 2022. (**Exhibit D**)

7.      On October 25, 2025, Plaintiff sent formal preservation correspondence requesting confirmation that Benchling had preserved all copies, archives, and audit-log data reasonably

connected to litigation proceedings. (**Exhibit E**)

8. On October 31, 2025, Defendant's counsel responded that "Benchling implemented its litigation hold in December 2022" and "did not delete the Offer Illustrator or any other document subject to the hold after its implementation." The response did not identify the specific date, custodians, or systems covered, nor did it deny that the file was deleted. (**Exhibit F**)

9. On November 1, 2025, Plaintiff requested clarification of (a) the exact hold-implementation date, (b) covered custodians, (c) the date and user responsible for the deletion, and (d) the status of any archived copies or metadata. No substantive response has been received as of the Court's November 3 deadline. Plaintiff repeatedly sought conferral regarding this matter from October 25 through November 3, 2025.

10. The missing file bears directly on contract-formation issues central to Defendant's pending motion to compel arbitration. Its deletion, if post-litigation-hold, constitutes potential spoliation under Rule 37(e).

## Legal Standard

11. Rule 37(e) requires a party who failed to preserve ESI that "should have been preserved in the anticipation or conduct of litigation" to show that the information was not lost through negligence or bad faith and that reasonable steps were taken to preserve it. If prejudice results, the Court may order measures to cure the prejudice; if the loss was intentional, the Court may presume the information was unfavorable, instruct the jury accordingly, or impose default or evidentiary sanctions.

12. The Court also retains inherent authority to order forensic preservation, compel certification of preservation steps, and ensure that audit-trail evidence is safeguarded where the integrity of key documentary evidence is in question. See Chambers v. NASCO, Inc., 501 U.S.

32 (1991); Booker v. Massachusetts Dep't of Pub. Health, 612 F.3d 34 (1st Cir. 2010).

## Argument

13. Benchling's Response Fails to Provide Adequate Assurances:

    a. Benchling's counsel's vague assertion that a "litigation hold" began "in December 2022" does not specify the exact date, custodians, or scope of the hold, nor whether Google Workspace data—including Drive audit logs, file-revision histories, or Trash retention archives—were encompassed.

    b. Given that the "Benchling Offer Illustrator" file is marked "deleted" in Google Drive, Benchling's failure to identify who deleted it, when, or whether metadata survives leaves material gaps in its Rule 26 and Rule 37 duties.

    c.

    d. Because the file documents offer and acceptance terms that *predate the alleged arbitration agreement*, its loss materially prejudices Plaintiff's ability to contest contract formation.

14. Relief Is Necessary to Preserve Evidence Integrity:

    a. Benchling is the exclusive custodian of the relevant Google Workspace environment. Absent a court order, evidence essential to the adjudication of arbitration-formation issues may degrade or become unrecoverable.

    b. Plaintiff seeks limited, non-intrusive relief: an order requiring Benchling to preserve, collect, and produce forensic metadata, not substantive communications. This request is narrowly tailored to safeguard probative ESI.

## Requested Relief

15. Order Defendant Benchling to preserve in place all Google Workspace data associated

with the "Benchling Offer Illustrator" document, including drive audit logs, trash records, revision history, version metadata, and any/all archived or backed-up copies.

16. Direct Benchling to produce within 14 days a sworn declaration (a) identifying the date of litigation-hold implementation, (b) listing custodians and systems covered, (c) confirming whether the subject file was ever deleted or altered, and (d) providing the date, time, and user associated with any deletion.

17. If Benchling cannot recover the document or its metadata, require Benchling to certify in writing the specific efforts made to restore it and explain the circumstances of its loss.

18. Reserve Plaintiff's right to seek sanctions or adverse inferences under Rule 37(e) should the Court later find that the file was destroyed after Benchling's duty to preserve attached.

19. Grant such other relief as the Court deems just and proper to ensure preservation and transparency of the relevant ESI.

20. A proposed order for the Court's consideration is attached as **Exhibit G**.

**Exhibits Attached:**

A. Declaration of Julian Ross in Support of Plaintiff's Opposition to Defendant's Motion to Compel Arbitration in Case No. 3:25-cv-30158-MGM

B. Email from Christian Haas-Kwon sharing "Benchling Offer Illustrator" on May 10, 2021 at 4:08 p.m. ET

C. Screenshot of "Deleted" status from Google Workspace

D. November 22, 2022 correspondence re: Evidence Preservation and Attachment

E. October 25, 2025 correspondence re: Notice to Preserve ESI

F. October 25 - November 3, 2025 conferral with counsel re: Preservation of "Benchling Offer Illustrator" file

G. Proposed Order for the Court's consideration

## Local Rule 7.1(a)(2) Certification

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that he conferred, or made reasonable and good-faith efforts to confer, with counsel for Defendant Benchling, Inc. via email and telephone on October 25 and 28, November 1, and again on November 3, 2025, in an effort to resolve or narrow the issues presented by this motion. As of the time of filing, Defendant has not stated its position or provided any substantive response to those conferral efforts.

Dated: November 3, 2025

                                Respectfully Submitted,

                                PLAINTIFF, PRO SE

                                 /*s*/ Julian Ross

                                Julian Ross
                                105 East Street
                                Apt. B
                                Hadley, MA 01035
                                413-531-9810
                                jross21@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed through the

Court's CM/ECF system, which will send notice electronically to all counsel of record.

PLAINTIFF, PRO SE

*/s/* Julian Ross

Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
(413) 531-9810
jross21@gmail.com
Pro Se Plaintiff