Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
jross21@gmail.com
413.531.9810

**October 25, 2025**

Via email to:

Katherine H. Oblak: KOblak@sheppardmullin.com
Shawn D. Fabian: SFabian@sheppardmullin.com
Conrad J. Bletzer: ConradBletzer@bletzerlaw.com
(Benchling, Inc. Co-Counsel)

**Re: Notice to Preserve Electronically Stored Information and Related Materials**

Dear Counsel:

I write in connection with related matters: *Ross v. Benchling, Inc.* currently pending in the United States District Court for the District of Massachusetts (Case Nos. 3:25-cv-30158 and 3:25-cv-30176).

This letter serves as a formal demand that Benchling and all third-party vendors, including Salesloft, or custodians under its control immediately preserve all potentially relevant evidence, including electronically stored information, and physical records, that may bear on the facts and issues in this litigation. A similar demand and notice was sent to counsel during MCAD proceedings. This letter serves to reinforce prior notices and provide additional guidance to help protect these materials ahead of litigation proceedings.

**1. Scope of preservation**

Please ensure the preservation, without alteration, deletion, overwriting, or loss, of all data created, transmitted, or stored from January 1, 2021 through the present, including but not limited to:

- **SalesLoft platform data**

    - Call recordings (audio files, transcripts, and associated metadata)

    - Call logs, timestamps, caller/recipient IDs, and disposition data

    - Configuration settings, recording enablement/disablement logs, and user-level or admin-level audit logs

    - System backups, archived recordings, and retention-policy documentation

- **Communications and collaboration systems**

    - Slack messages, private channels, DMs, and shared files involving or referencing Julian Ross or SDR team operations, including communications involving SDR teams or team members in the San Francisco, Boston and Zurich offices.

    - Emails, calendar invites, and chat logs relating to Plaintiff, SalesLoft usage, RTO policies, accommodations, or termination

    - Zoom or video-meeting recordings, transcripts, and chat logs

- **Human-resources and employment records**

    - Personnel file, performance data, compensation/commission records, accommodation and PFMLA documentation, leave communications, and termination materials

    - Internal communications between HR, management (including Christian Haas-Kwon, Sean Simerly, Emily Kirsch, Maggie Lee), and legal staff relating to Plaintiff

- **IT and device data**

- Laptop or desktop images, cloud backups, mobile devices, and system-level audit logs for relevant custodians

- Any deletion, retention, or "auto-purge" schedules currently active for these systems

- **Third-party vendors or storage providers**

    - Data hosted or administered by SalesLoft, Google Workspace, Slack Technologies, Zoom Video Communications, or other SaaS vendors used by Benchling.

## 2. Custodians

At a minimum, please implement holds for the following individuals and functional areas:

- Christian Haas-Kwon

- Sean Simerly

- Will Mallonee

- Robert Sobrepeña

- Emily Kirsch

- Maggie Lee

- Lindsey Irvine

- Sajith Wickramasekara

- Benchling Marketing, Sales, IT and HR Departments

- Any administrator of Benchling's SalesLoft account or correspondence with Salesloft representatives

### 3. Suspension of deletion or auto-purge

Please, if you have not already done so, immediately suspend all deletion, rotation, or retention policies that may cause the loss of responsive data, including automated SalesLoft retention windows, Slack retention limits, or Google-Workspace purge settings.

### 4. Confirmation requested

Please provide written **confirmation within seven (7) days** that:

- Preservation instructions have been circulated to all relevant custodians;
- Automatic deletion and retention policies have been suspended; and
- Third-party vendors (including SalesLoft) have been notified and instructed to preserve.

### 5. Notice of consequences

Failure to preserve evidence after receipt of this notice may constitute spoliation and can result in sanctions under Fed. R. Civ. P. 37(e) and applicable Massachusetts law, including adverse-inference instructions and other remedial orders by the Court.

Thank you for your prompt attention. Please direct all correspondence regarding this notice to me at jross21@gmail.com or 413-531-9810.

Dated: October 25, 2025

Sincerely,

*/s/* Julian Ross_____
Julian Ross
105 East Street, Apt. B
Hadley, MA 01035
jross21@gmail.com
413.531.9810