UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:25-cv-30158-MGM

JULIAN ROSS,
        *Plaintiff*

v.

BENCHLING, INC.
        *Defendant*

**PLAINTIFF'S MOTION TO ENFORCE LOCAL RULES REGARDING COUNSEL OF RECORD AND L.R. 7.1 CONFERRAL; TO CLARIFY PRO HAC VICE STATUS; AND TO DENY OR DEFER LEAVE FOR REPLY BRIEFS PENDING LOCAL RULE COMPLIANCE**

### Introduction

1.    Plaintiff Julian Ross respectfully moves the Court for limited procedural enforcement to restore orderly case management. Non-admitted out-of-state counsel for Defendant Benchling Inc. have repeatedly attempted to "confer" under Local Rule 7.1(a)(2) without including sponsoring counsel of record and without providing the specificity necessary to narrow issues. Plaintiff therefore seeks: (1) enforcement of Local Rules 83.5.3 and 7.1; (2) a dated clarification identifying the status and timing of any re-filed pro hac vice applications in this case and the related Case No. 3:25-cv-30176-MGM; and (3) denial or deferral of any motion for leave to file reply briefs until Defendant demonstrates full compliance with the Local Rules.

2.    This motion does not seek any merits determination but only enforcement of procedural norms essential to fairness and efficiency.

**Background**

3.   On October 22, 2025, the Court denied Defendant's pro hac vice motion in Case No. -30158 for failure to comply with Local Rule 7.1(a)(2). (ECF No. 15) The order expressly noted the absence of a proper certification confirming that counsel had conferred in good faith prior to filing. This denial placed defense counsel on notice of the Court's (and, by extension, Plaintiff's) expectation that all future filings conform strictly to the Local Rules, including the conferral and sponsorship requirements governing out-of-state attorneys. (**Exhibit A**)

4.   Also on October 22, 2025, Plaintiff reached out via email to counsel in order to confer regarding pro hac vice admission and L.R. 7.1 compliance. A representative from Benchling's local firm, Bletzer & Bletzer, PC, Attorney Catherine Elizabeth Wheeler, who is not counsel of record, indicated it would refile the pro hac vice motions with correct L.R. 7.1(a)(2) certifications in both matters (Case Nos. ending in -30158 and -30176). Plaintiff assented to pro hac vice admission under the explicit condition that filings comply with the rules and that 7.1 certification be properly filed. (**Exhibit B**)

5.   Despite that representation, out-of-state counsel for Defendant have continued to send L.R. 7.1 "conferral" emails that:

   a. omit the sponsoring attorney of record in this case; and

   b. ask only whether Plaintiff "opposes," without disclosing the specific relief, grounds, or pinpointed "new matters" purportedly justifying replies. (**Exhibit C**)

6.   Plaintiff, in contrast, has made multiple good-faith efforts to confer in compliance with Local Rule 7.1(a)(2) for every motion intended to file, often restating his willingness to narrow disputes if defense counsel would provide clear, specific information about the relief sought and the underlying grounds. These efforts were met with vague and confusing responses that did not

meaningfully identify the issues to be resolved or allow a substantive dialogue.In earlier conferral regarding accommodations, Defendant's counsel expressly assented to Plaintiff's request for written, email-based conferral to accommodate disability-related communication limitations. (**Exhibit D**) Despite that assent, subsequent conferrals have ignored this accommodation and have continued to be perfunctory, incomplete, and opaque—further undermining the spirit and purpose of L.R. 7.1(a)(2).

7.     Plaintiff has also had to remind opposing counsel on multiple occasions to include the admitted, sponsoring attorney of record on all Case No. 3:25-cv-30158-MGM communications until pro hac vice admission is granted, and to ensure that any Local Rule 7.1 certificates accurately reflects conferral with the counsel of record in the matter. As of the time of filing this motion, Defendant has not responded substantively to these requests. (**Exhibit E**)

## Local Rules

8.     L.R. 83.5.3 (pro hac vice) requires sponsorship and governs the participation of non-admitted counsel. Until admission is granted, communications and filings must run through counsel of record. Out-of-state attorneys must act only through sponsoring local counsel until formally admitted.

9.     L.R. 7.1(a)(2) (conferral) requires a genuine, good-faith effort to narrow or resolve the dispute before filing — not a perfunctory "do you oppose?" The conferral must be substantive enough to permit an informed response.

10.    L.R. 7.1(b)(3) (reply memoranda): Replies are disfavored and require leave supported by a specific showing that the opposition raised new matters that need response.

11.    Excerpts of District Local Rules 7.1 and 83.5.3 are attached as **Exhibit F**.

## Argument

12.     Local Rule 7.1(a)(2) is not a formality. It exists to promote judicial economy and reduce unnecessary motion practice by requiring meaningful dialogue before filings are made. When counsel substitutes perfunctory "do you oppose" emails for substantive conferral, the Court and parties both expend unnecessary resources. The continued disregard of these requirements after a judicial warning on October 22, 2025, reflects a pattern of procedural noncompliance warranting limited corrective intervention.

13.     Non-admitted counsel cannot satisfy L.R. 7.1(a)(2) conferral obligations without including counsel of record.

14.     On or about October 22, 2025, Plaintiff expressly requested that Defendant's renewed pro hac vice applications be properly refiled after proper L.R. 7.1(a)(2) conferral and under the correct docketing category to ensure proper tracking and judicial processing, particularly given that Plaintiff is representing himself Pro Se and relies on accurate docket metadata for case management purposes.

15.     Defendant initially assented to but then subsequently ignored that request. Meanwhile, out-of-state counsel have continued to act as if admission were complete—conferring directly, filing correspondence, and omitting the sponsoring attorney of record from communications in Case No. 3:25-cv-30158-MGM. This procedural inconsistency frustrates the orderly application of the Local Rules, undermines judicial economy, and has left Plaintiff uncertain as to which counsel are properly authorized to act before the Court.

16.     Where out-of-state counsel have not yet been admitted pro hac vice, they are not counsel of record. Conferrals conducted solely by such counsel — without inclusion of the admitted sponsoring attorney — are defective under the Local Rules.

17.     The solution is modest, narrow and easily met by counsel: require that, unless and until

pro hac vice is granted:

      a. sponsoring counsel of record is included on all case communications and conferrals; and

      b. any 7.1 certificate must reflect that inclusion.

18. Benchling's "conferrals" were perfunctory notices, not good-faith efforts to narrow issues:

19. Merely asking if Plaintiff opposes, without disclosing the substance or basis of the intended motion, does not constitute a conferral under L.R. 7.1(a)(2).

20. In two consecutive emails purporting to confer on November 3, Benchling failed to provide the material information necessary to narrow or resolve the dispute and, moreover, failed to include counsel of record, Atty. Conrad J. Bletzer, for -30156 on the email correspondence.

21. For any proposed motion for leave to file a reply under L.R. 7.1(b)(3), Benchling must:

      a. specify the precise relief sought;

      b. identify, with pinpoint citation to page or paragraph, the passages in Plaintiff's filings it contends introduce "new matters"; and

      c. articulate the legal basis supporting a reply. Plaintiff has repeatedly requested that level of specificity and remains ready to confer in good faith once it is provided.

22. Any request for leave to file reply briefs should be denied (or deferred) absent a rule-compliant conferral and a pinpoint showing of "new matters." L.R. 7.1(b)(3) disfavors replies.

23. Benchling's generalized references to "extrinsic evidence," "misstatements," or "inconsistencies" in their correspondence do not identify new matters; they are ordinary disagreements that can be resolved on the existing record. Denial — or at minimum deferral

pending a proper conferral — is warranted.

24.     A limited procedural order requiring proper inclusion of sponsoring counsel and rule-compliant conferral will prevent future confusion, conserve judicial time, and ensure evenhanded application of the Court's Local Rules to all parties. The requested relief is modest, easily implemented, and directly responsive to repeated procedural irregularities.

## Requested Relief

25.     WHEREFORE, Plaintiff respectfully requests that the Court enter an order as follows:

26.     Counsel Inclusion (L.R. 83.5.3): Enforcement of L.R. 83.5.3 and Counsel-of-Record Requirement (-30158): Until pro hac vice admission is granted, all case-related communications and any L.R. 7.1 conferrals shall include sponsoring counsel of record, and any 7.1 certificate shall so state.

27.     Clarification of Pro Hac Vice Status (-30158 / -30176): Within 3 court days, Benchling shall file a short notice identifying (a) whether it will refile the pro hac vice motions in the related -30176 matter (as represented on October 22), and (b) the date of any refiling(s) or, if not refiling, a brief explanation for the discrepancy in their email correspondence. (**Exhibit B**)

28.     Conferral Protocol Going Forward (All filings in -30158): Before filing any motion that require 7.1 certification, including any motion for leave to file reply memoranda, Benchling must provide Plaintiff a conferral email that

   a. states the exact relief sought;

   b. pinpoints the specific "new matter(s)" in the opposition (by page/paragraph or quotation) supporting a reply under L.R. 7.1(b)(3); and

   c. cites the legal basis for leave. Plaintiff will continue to confer in writing by email for accessibility and accuracy.

29. Should Defendant file any motion for leave to submit reply briefs in this or the related case, the Court should deny such leave unless and until Defendant demonstrates full compliance in good faith with Local Rules 7.1(a)(2) and 7.1(b)(3). Alternatively, the Court may defer ruling on any such motion and direct Defendant to re-confer in accordance with the following requirements:

    a. The conferral must include counsel of record as required by L.R. 83.5.3;

    b. The conferral must identify the precise relief sought;

    c. The conferral must pinpoint the specific "new matter(s)" in Plaintiff's opposition by page, paragraph, or quotation that purportedly justify a reply; and

    d. The conferral must articulate the legal basis supporting leave to file a reply.

30. Only after completing such a substantive conferral should Defendant file any request for reply leave or any other motions subject to L.R. 7.1. This approach balances procedural fairness, ensures compliance with the Local Rules, and conserves judicial resources by avoiding unnecessary or premature filings.

31. Any Further Appropriate Relief to ensure compliance with Federal civil procedures, the Local Rules and efficient case management.

**Exhibits Attached:**

A. Court Order Denying Defendant's Pro Hac Vice Motion (October 22, 2025) (PACER)

B. Email Correspondence from Attorney Catherine Elizabeth Wheeler — SUBJECT: Pro Hac Vice Representations; L.R. 7.1(a)(2) Certification Commitments (Oct. 22 – Nov. 4, 2025) (highlights supplied by Plaintiff)

C. Email Correspondence — SUBJECT: Conferral Pursuant to Local Rule 7.1(A)(2); Continued Omission of Counsel of Record (Atty. Conrad J. Bletzer Jr.) (Nov 3 – Nov. 4, 2025) (highlights supplied by Plaintiff)

D. Email Correspondence with Counsel— SUBJECT: Conferral re: accommodations for Plaintiff's ADA/§504 Disability (Oct. 27–29, 2025) (highlights supplied by Plaintiff)

E. Email Correspondence to Atty. Conrad J. Bletzer, Jr — SUBJECT: Counsel of Record, Pro Hac Vice Compliance, and Local Rule 7.1(a)(2) Conferral Practices (Nov. 4–5, 2025) (highlights supplied by Plaintiff)

F. Local Rules 7.1 and 83.5.3 (excerpts)

G. [PROPOSED] ORDER ON PLAINTIFF'S MOTION TO ENFORCE LOCAL RULES

**Local Rule 7.1(a)(2) Certification**

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that he conferred, or made reasonable and good-faith efforts to confer, with counsel for Defendant Benchling Inc. in an effort to resolve or narrow the issues presented by this motion. Efforts to confer regarding the matters raised herein began on or about October 22, 2025, and continued through November 5, 2025.

Dated: November 5, 2025

                                        Respectfully Submitted,

                                        PLAINTIFF, PRO SE

                                        */s/* Julian Ross

                                        Julian Ross
                                        105 East Street
                                        Apt. B
                                        Hadley, MA 01035
                                        413-531-9810
                                        jross21@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed through the

Court's CM/ECF system, which will send notice electronically to all counsel of record.


                              PLAINTIFF, PRO SE

                              */s/* Julian Ross

                              Julian Ross
                              105 East Street
                              Apt. B
                              Hadley, MA 01035
                              (413) 531-9810
                              jross21@gmail.com
                              Pro Se Plaintiff