

Julian <jross21@gmail.com>

# Ross v Benchling - Conferral Pursuant to Local Rule 7.1(A)(2)
5 messages

**Katherine Oblak** <KOblak@sheppardmullin.com>  	Mon, Nov 3, 2025 at 4:51 PM
To: Julian Ross <jross21@gmail.com>
Cc: Shawn Fabian <SFabian@sheppardmullin.com>

Mr. Ross,

Benchling plans to seek leave to file reply briefs in support of its Motion to Compel Arbitration Or, in the Alternative, to Partially Dismiss the Complaint and Motion to Compel Arbitration Or, in the Alternative, to Partially Dismiss the Complaint and Consolidate, pending in Case Nos. 3:25-cv-30176-MGM and 3:25-cv-30158-MGM, respectively.

Can you please advise whether you oppose these motions? We plan to file the motions by 3 PM ET tomorrow (11/4/25).

Thank you,

**Katherine H. Oblak** | Partner
+1 312-499-6372 | direct
KOblak@sheppardmullin.com | Bio

**SheppardMullin**

321 North Clark Street, 32nd Floor
Chicago,  IL 60654
+1 312-499-6300 | main
www.sheppardmullin.com | LinkedIn

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**Julian Ross** <jross21@gmail.com>  	Mon, Nov 3, 2025 at 5:47 PM
To: Katherine Oblak <KOblak@sheppardmullin.com>
Cc: Shawn Fabian <SFabian@sheppardmullin.com>

Ms. Oblak,

Your email does not even come close to satisfying the conferral requirement under Local Rule 7.1(a)(2). This now marks the 4th occasion that I've noticed issues with Consel's adherence to L.R. 7.1(a)(2).

A proper **conferral requires** a substantive, good-faith discussion of **the specific relief sought, the grounds supporting it, and a genuine opportunity to narrow or resolve the issue.** Your email fails to provide *any* information of this sort.

Merely asking whether I "oppose" a motion—without providing its basis, substance, or proposed content—does not constitute a conferral. I cannot meaningfully or intelligently respond to a motion whose rationale has not been disclosed. This kind of post-hoc, one-line inquiry is precisely the perfunctory contact that Local Rule 7.1(a)(2) was intended to prevent.

Having received no substantive conferral, I object to Benchling's attempt to claim compliance with Rule 7.1(a)(2). Should you proceed with the motion, I will note that fact in any responsive filing.

Substantively, I oppose Benchling's proposed motions for leave to file reply briefs in both 3:25-cv-30158-MGM and 3:25-cv-30176-MGM for these reasons: Under Local Rule 7.1(b)(3), **reply memoranda are disfavored and may be filed only upon a showing that the opposition introduces new matters requiring response**. Your record on the matter is complete. Additional briefing would serve no purpose other than delay and redundancy.

Accordingly, Benchling's intended motions for leave to file reply briefs are opposed in their entirety.

Thanks,

Julian Ross
413.531.9810
jross21@gmail.com

[Quoted text hidden]

---

**Katherine Oblak** <KOblak@sheppardmullin.com>                                    Mon, Nov 3, 2025 at 6:19 PM
To: Julian Ross <jross21@gmail.com>
Cc: Shawn Fabian <SFabian@sheppardmullin.com>

Mr. Ross,

We seek leave to address and respond to various representations you make in your oppositions. We address (i) the impropriety of the extrinsic evidence you rely upon regarding acceptance of employment; (ii) your misstatements regarding the arbitration agreement's plain terms and the case law upon which Benchling relies in its briefing and (iii) your inconsistent positions regarding the similarities and differences between the State and Federal Court Actions (as those terms are defined in Benchling's briefing).

Please let me know if you still oppose the motions.

Best,

Katherine H. Oblak | Partner
+1 312-499-6372 | direct
KOblak@sheppardmullin.com | Bio

**Sheppard**Mullin

321 North Clark Street, 32nd Floor
Chicago,  IL 60654
+1 312-499-6300 | main
www.sheppardmullin.com | LinkedIn

[Quoted text hidden]

---

**Julian Ross** <jross21@gmail.com>                                                Tue, Nov 4, 2025 at 9:42 AM
To: Katherine Oblak <KOblak@sheppardmullin.com>
Cc: Shawn Fabian <SFabian@sheppardmullin.com>

Ms. Olbak,

Your email does not cure the earlier failure to confer under Local Rule 7.1(a)(2). The rule requires that counsel engage in a substantive, good-faith discussion before deciding to file. A post-hoc justification outlining your intended arguments is not a conferral; it is simply notice.

*Which extrinsic evidence? Which misstatements? Which inconsistencies?*

Your correspondence is vague and ambiguous to a degree that makes it impossible to substantively respond one way or the other. If Benchling believes specific portions of my filings are inaccurate or outside the record, you should identify them with precision rather than gesture at generalized, non-specific "representations."

Substantively, my position remains unchanged. I oppose Benchling's motions for leave to file reply briefs in both matters. The issues you allude to—your disagreement with my characterization of facts, case law, or procedural posture—are not "new matters" within the meaning of L.R. 7.1(b)(3). They are ordinary points of disagreement that can be addressed, if at all, in the Court's analysis of the existing record or during oral arguments.

Accordingly, I continue to oppose Benchling's request for leave to file reply briefs in both matters and will note in future filings that **no meaningful conferral occurred pursuant to L.R. 7.1(a)(2)** regarding these motions.

- Julian Ross

[Quoted text hidden]

---

**Julian Ross** <jross21@gmail.com>    Tue, Nov 4, 2025 at 2:30 PM
To: Katherine Oblak <KOblak@sheppardmullin.com>
Cc: Shawn Fabian <SFabian@sheppardmullin.com>

Ms. Oblak,

Please confirm whether you still intend to file this motion.

If so, I again request that you confer in good faith pursuant to Local Rule 7.1(a)(2) before submitting any filing. Despite multiple reminders, no meaningful conferral has occurred. Continued noncompliance and disregard for the rules will leave me no choice but to notify the Court of your disregard for the District's procedural requirements.

Additionally, neither you nor Mr. Fabian have been admitted pro hac vice in this matter. The docket reflects that **Attorney Bletzer remains the only counsel of record for Benchling in Case No. 3:25-cv-30158-MGM**, since your original pro hac vice motion was denied by Judge Mastroianni for lack of L.R. 7.1(a)(2) conferral and certification. You are presently not authorized to confer on the matter without counsel of record.

Accordingly, any case-related correspondence or filings should include Mr. Bletzer, as required by Local Rule 83.5.3(b).

Thank you for your prompt attention to these serious and recurring procedural deficiencies.

Best Regards,
Julian Ross
413.531.9810
jross21@gmail.com

[Quoted text hidden]