11/5/25, 1:07 PM                  Gmail - Plaintiff's Motions to Stay or Defer the Compelled Arbitration in 3:25-cv-30158-MGM and 3:25-cv-30176-MGM

Case 3:25-cv-30158-MGM    Document 21-4    Filed 11/05/25    Page 1 of 5

As for your other questions below, we will respond under separate cover.

[Quoted text hidden]

---

**Julian Ross** <jross21@gmail.com>                                                      Mon, Oct 27, 2025 at 1:48 PM
To: Katherine Oblak <KOblak@sheppardmullin.com>
Cc: "Conrad Bletzer, Jr" <ConradBletzer@bletzerlaw.com>, Shawn Fabian <SFabian@sheppardmullin.com>

Ms. Oblak,

Thank you for your note. There is no need to speak today.

However, pursuant to Local Rule 7.1, I am again writing to confer regarding a pair of motions I intend to file this week in both Case Nos. -30158 and -30176, addressing reasonable disability accommodations under the ADA and Section 504.

Because of documented hearing limitations and auditory-processing challenges, I often have difficulty effectively hearing or comprehending telephone or other audio-based communications without live captioning or specialized equipment. Accordingly, I respectfully request that all meet-and-confer discussions, scheduling correspondence, and related communications be conducted in writing by email going forward.

If a telephone call is deemed necessary and mutually agreed upon, I ask that counsel:

- Provide a clear explanation of the purpose of the call;
- Schedule it in advance at a mutually convenient time;
- ensure all Benchling representatives use modern, high-quality telephony equipment to ensure a reliable signal;
- Provide written notice at least 24 hours in advance if Defendant intends to record any call, specifying: (i) the recording method/platform; (ii) the purpose and legal basis; (iii) retention period, access controls, and deletion schedule; and (iv) applicable data-security policies. For avoidance of doubt, no recording will occur absent express written consent from all participants, consistent with the all-party-consent regimes in California, Illinois, and Massachusetts alike; and
- Promptly confirm in writing after the call any representations or agreements reached during the call.

For clarity, the motions for accommodations I will request directly from the Court are narrowly tailored and include:

- A minimum seven-day extension beyond ordinary response deadlines for filings served by Defendant;
- Permission to appear remotely (via video or telephone) for hearings and conferences;
- Accessible, text-searchable, and properly bookmarked PDFs from Defendant;
- Leniency for minor formatting or procedural issues attributable to disability-related limitations;
- Flexible scheduling for hearings where needed to accommodate resource, preparation and accessibility constraints;
- Written meet-and-confer communications and confirmations in lieu of telephonic conferences whenever possible; and
- Closed captioning or other auxiliary aids for any live or remote proceedings.

Please let me know by 5 pm EDT tomorrow (Tuesday) whether Benchling assents or opposes these accommodations (in whole or in part) in both related matters, and whether you will agree to conduct future conferrals in writing and provide accessible PDFs as described. If I do not hear back by that time, I will note in my filing that I attempted to confer in good faith and that Defendant's position was not provided before filing.

Separately and in addition, regarding the pro hac vice issues I raised earlier (refiling, docketing category corrections, and fee payments), Catherine Wheeler, Esq. of Atty. Bletzer's firm stated on October 22 (emphasis added):

> We are in receipt of your email regarding the Pro Hac Vice motions in the above-referenced cases. We intend to <u>refile the subject motion</u> in the action with the docket number 3:25-cv-30158-MGM with a certificate pursuant to Rule 7.1. Rather than engage in unnecessary motion practice, <u>we can also refile the motion in the related matter with a 7.1 certificate.</u>

I then stated on October 22 (emphasis added):

> Thank you for your email and for <u>clarifying your intent to refile the pro hac vice motions in both matters</u> with the required Local Rule 7.1(a)(2) certification included.

11/5/25, 1:07 PM                  Gmail - Re: Landlord's Motions to Stay or Defer re. Completed Arbitration in 3:25-cv-30158-MGM and 3:25-cv-30176-MGM

Case 3:25-cv-30158-MGM    Document 21-4    Filed 11/05/25    Page 2 of 5

I have no objection to the admission of Oblak and Fabian, provided that the filings comply fully with the local rules and applicable procedural requirements.

I confirm receipt pursuant to Rule 7.1(a)(2) regarding your intention to refile motion for both matters.

Please confirm when those corrections will be made or provide an explanation for any delay. As a reminder, pro hac vice admission is a privilege, not a right. See *Leis v. Flynt*, 439 U.S. 438 (1979)

Thus far, counsel has omitted the required Local Rule 7.1 certification on two separate motions in two different cases and misclassified the refiling in Case No. -30158. Any conceivable assent to or decision not to oppose your motions for admission was, *and remains*, predicated on full adherence to procedural rules and timely *follow-through on prior representations*. I trust that future filings will reflect that same standard of professional diligence and decorum expected in federal practice. Please consider this my final remark on the matter before I raise the issue with the Court.

Sincerely,
Julian Ross
413.531.9810
jross21@gmail.com

[Quoted text hidden]

---

**Katherine Oblak** <KOblak@sheppardmullin.com>                                              Mon, Oct 27, 2025 at 3:29 PM
To: Julian Ross <jross21@gmail.com>
Cc: "Conrad Bletzer, Jr" <ConradBletzer@bletzerlaw.com>, Shawn Fabian <SFabian@sheppardmullin.com>

Mr. Ross,

I understand Ms. Wheeler is out of the office today so I will address your questions below related to the motion for pro hac admission.

On October 22, Ms. Wheller advised you that "[w]e intend to refile the subject motion in the action with the docket number 3:25-cv-30158-MGM with a certificate pursuant to Rule 7.1." She also asked you if you objected to the pro hac admissions of Mr. Fabian and me, to which you responded you had "no objection to the admission of Oblak and Fabian, provided that the filings comply fully with the local rules and applicable procedural requirements."

==On October 24, Ms. Wheeler re-filed the renewed motion for pro hac admission, including the Rule 7.1 certification, in docket number 3:25-cv-30158-MGM.==

==In docket number 3:25-cv-30176-MGM, there is no pending motion; the court granted the motion for pro hac admission on October 16 (Dkt. No. 9).==

We will review the other items you noted below and will respond under separate cover.

Thank you,

[Quoted text hidden]

---

**Julian Ross** <jross21@gmail.com>                                                          Mon, Oct 27, 2025 at 4:23 PM
To: Katherine Oblak <KOblak@sheppardmullin.com>
Cc: "Conrad Bletzer, Jr" <ConradBletzer@bletzerlaw.com>, Shawn Fabian <SFabian@sheppardmullin.com>, Catherine Wheeler <cwheeler@bletzerlaw.com>

11/5/25, 1:07 PM    Gmail - Plaintiffs' Motions to Stay or Defer re: Compelled Arbitration 3:25-cv-30158-MGM and 3:25-cv-30176-MGM

Case 3:25-cv-30158-MGM    Document 21-4    Filed 11/05/25    Page 3 of 5

Dear Ms. Oblak,

Thank you for your response.

Respectfully, the record here is clear and undisputed. On October 22, Ms. Wheeler expressly stated:

> We are in receipt of your email regarding the Pro Hac Vice motions in the above-referenced cases. We intend to refile the subject motion in the action with the docket number 3:25-cv-30158-MGM with a certificate pursuant to Rule 7.1. Rather than engage in unnecessary motion practice, we can also refile the motion in the related matter with a 7.1 certificate.

I confirmed that understanding in writing the same day. No qualification or limitation was indicated. I explicitly said that I had no objections to your admission **"*provided that the filings comply fully with the local rules and applicable procedural requirements.*"**

I also want to note that, as a pro se litigant, I rely heavily on an accurate and current docket to develop and manage my case. Your firm may have access to an array of professional case-management tools; I do not. When opposing counsel takes liberties with docket entries or procedural representations, it materially prejudices my ability to litigate effectively and to maintain an accurate record.

Yet, the October 24 refiling in Case No. 3:25-cv-30158-MGM was submitted under the "miscellaneous relief" category—apparently bypassing the required pro hac vice refiling fee (no receipt of payment was listed)—and no corresponding motion was refiled in Case No. 3:25-cv-30176-MGM, despite the express representation that one would be.

The -30176 motion for pro hac vice admission remains out of compliance with local rules and procedures, regardless of the fact that Magistrate Judge Robertson (who was reassigned shortly after my refusal to consent in -30158) granted the motion. No Rule 7.1(a)(2) certification appears on the docket, and no such conference occurred until October 22.

Rather than burden the Court with these procedural disputes, I ask that counsel simply abide by the representations already made, pay the appropriate refiling fees, and proceed in accordance with the rules. Doing so would resolve the matter cleanly and allow the case to move forward on its merits.

For perspective: if my complaint were dismissed and I later refiled, I would be required—and would fully expect—to pay a new filing fee. The same standard of procedural compliance should apply equally to counsel seeking pro hac vice admission as to any other party before the Court. In the interest of fairness and integrity, both parties must be held to the same baseline rules of practice. Avoiding required fees by misclassifying motions not only undermines counsel's credibility but also erodes confidence in the accuracy and integrity of the docket.

If this pattern continues, it will raise legitimate concerns regarding adherence to both the letter and spirit of Local Rule 7.1(a)(2) and the Court's prior order striking the initial submission. My expectation remains that counsel will promptly review and, where appropriate, correct any remaining docketing issues in both matters.

Sincerely,
Julian Ross

[Quoted text hidden]

---

**Katherine Oblak** <KOblak@sheppardmullin.com>    Tue, Oct 28, 2025 at 1:41 PM
To: Julian Ross <jross21@gmail.com>
Cc: Shawn Fabian <SFabian@sheppardmullin.com>, "Conrad Bletzer, Jr" <ConradBletzer@bletzerlaw.com>

Mr. Ross,

Thank you for your email.

Defendant does not object to accommodations you may require, including the request to confer via email, and will defer to the court's instructions regarding same. However, we seek clarification on a few points you raise below to

Case 3:25-cv-30158-MGM    Document 21-4    Filed 11/05/25    Page 4 of 5

ensure we fully understand your requests:

- A minimum seven-day extension beyond ordinary response deadlines for filings served by Defendant

    Are you asking the court to automatically include the additional seven days in any briefing deadlines it sets? Or will the seven days be added on to any deadlines the court sets?

- Accessible, text-searchable, and properly bookmarked PDFs from Defendant

    Can you please explain this, specifically what you mean by "properly bookmarked"? Our PDFs typically are in searchable form.

- Flexible scheduling for hearings where needed to accommodate resource, preparation and accessibility constraints

    Can you please explain what you mean by this?

Thank you,

[Quoted text hidden]

---

**Julian Ross** <jross21@gmail.com>                                                                                           Tue, Oct 28, 2025 at 4:29 PM
To: Katherine Oblak <KOblak@sheppardmullin.com>
Cc: Shawn Fabian <SFabian@sheppardmullin.com>, "Conrad Bletzer, Jr" <ConradBletzer@bletzerlaw.com>

Ms. Oblak,

Thank you for your note.

To clarify the specific points you raise:

**1. Seven-Day Extension**

I will be asking the Court to order that any response or reply deadlines triggered by filings served by Defendant include a minimum additional seven (7) days beyond the ordinary schedule prescribed under the Federal and Local Rules. The intent is to ensure adequate time to review, process, and respond to filings given documented disability.

If additional time is needed beyond the additional 7 days, I will petition the Court on an as-needed basis.

**2. Accessible, Searchable, and Properly Bookmarked PDFs**

My intent is simply to ensure that all filings are fully text-searchable and that any substantial filings or correspondence containing multiple major sections include a basic table of contents or navigational bookmarks. This enables both myself and the Court to efficiently locate and review specific sections without excessive scrolling, consistent with accessibility best practices and the District of Massachusetts CM/ECF Administrative Procedures.

If your firm's practices already conform to these requests, there is no need to raise it in my motion.

**3. Flexible Scheduling for Hearings**

This request is limited to reasonable flexibility in setting or modifying hearing dates or times to accommodate accessibility logistics (e.g., assistive technology setup, captioning services, or advance preparation time) as well as scheduling

11/5/25, 1:07 PM                    Gmail - Plaintiff's Motions to Stay or Defer re. Completed Arbitration in 1:25-cv-30158-MGM and 3:25-cv-30176-MGM

Case 3:25-cv-30158-MGM    Document 21-4    Filed 11/05/25    Page 5 of 5

logistics related to disability. It is not intended to alter the substance or sequence of proceedings, only to allow adequate accommodation when scheduling.

These accommodations are narrowly tailored to ensure equal participation without imposing any undue burden on Defendant.

Please let me know if Benchling assents.

Best Regards,
Julian Ross

[Quoted text hidden]

---

**Katherine Oblak** <KOblak@sheppardmullin.com>                                           Wed, Oct 29, 2025 at 8:44 AM
To: Julian Ross <jross21@gmail.com>
Cc: Shawn Fabian <SFabian@sheppardmullin.com>, "Conrad Bletzer, Jr" <ConradBletzer@bletzerlaw.com>

Mr. Ross,

Thank you for the clarification.
Defendant agrees to your seven-day extension request so long as Defendant receives a reciprocal extension. In other words, all briefing deadlines would automatically be extended by seven days.
Defendant agrees to provide a table of contents for briefs 25 pages in length or longer. We will continue to provide PDFs in searchable format, as is our normal practice.
Lastly, we generally do not object to flexibility for court hearings.

[Quoted text hidden]