11/5/25, 1:51 PM		Gmail - Counsel of Record, Pro Hac Vice Compliance, and Local Rule 7.1(a)(2) – Request for Clarification (3:25-cv-30158-MGM / -30176-MGM)

Case 3:25-cv-30158-MGM    Document 21-5    Filed 11/05/25    Page 1 of 2


Gmail																			Julian <jross21@gmail.com>

# Counsel of Record, Pro Hac Vice Compliance, and Local Rule 7.1(a)(2) – Request for Clarification (3:25-cv-30158-MGM / -30176-MGM)
2 messages

**Julian Ross** <jross21@gmail.com>																			Tue, Nov 4, 2025 at 7:43 PM
To: "conrad@bletzerlaw.com" <conrad@bletzerlaw.com>
Cc: Katherine Oblak <KOblak@sheppardmullin.com>, Shawn Fabian <sfabian@sheppardmullin.com>

**Attorney Bletzer**,

I'm writing to address recurring procedural issues in 3:25-cv-30158-MGM (and related -30176-MGM).

**1. Counsel of Record:**

In -30158, neither Ms. Oblak nor Mr. Fabian has been admitted *pro hac vice*. Yet multiple messages related to L.R. 7.1 have been conducted by Ms. Oblak, with Mr. Fabian's inclusion but without inclusion of yourself, the only counsel of record. That practice undermines L.R. 83.5.3(e) and renders any claimed L.R. 7.1(a)(2) conferral defective because it does not meaningfully involve counsel of record.

Going forward in -30158, please ensure all case-related correspondence and conferrals includes the counsel of record.

**2. Pro hac vice representations and refilings**

On October 22, Attorney Catherine Wheeler (from Mr. Bletzer's firm) responded in an email addressed and emailed to Oblak, Fabian and yourself, stating that *pro hac vice* motions would be refiled with a proper L.R. 7.1(a)(2) certification in both -30158 and -30176. Nearly two weeks later, no refiling appears in -30176. Subsequent notes from Ms. Oblak suggested refiling was unnecessary, which is inconsistent with Ms. Wheeler's statement.

It is odd that I have heard from Ms. Wheeler (who made representations that have not been followed) but have not heard from Mr. Bletzer at all during this case. As sponsoring counsel of record, silence on these points, which I've already raised several times in separate correspondence, is unacceptable.

Please clarify in writing: whether Ms. Wheeler's October 22 representation reflected Mr. Bletzer's position as counsel of record; whether *pro hac vice* will, in fact, be refiled in -30176 with a proper 7.1(a)(2) certification; and if yes, when; if no, why Ms. Wheeler's contrary representation was made.

**3. Local Rule 7.1(a)(2) conferral practice**

As the attached emails show, the "conferrals" about proposed reply briefs were cursory notices asking if I "oppose," without identifying the specific relief, grounds, or the precise passages Benchling claims require a reply under L.R. 7.1(b)(3). That is not a meaningful attempt to narrow the issues. Please correct course: any future conferral must identify the exact relief requested, the specific passages you contend introduce "new matters," and the legal basis—so we can actually try to narrow or resolve.

**4. Plaintiff's current position on *pro hac vice* admission to the Court; conferral pursuant to L.R. 7.1(a)(2) re: possible motion**

I am *not* presently moving to oppose *pro hac vice* admission. But the running list of errors and oversights—failure to include counsel of record, inconsistent *pro hac vice* representations, and perfunctory conferrals—is prejudicing my case management. If this is not promptly corrected, I will ask the Court for relief and make note of each occasion on which counsel has erred regarding local rules and federal civil procedure.

Please respond by tomorrow at 5pm ET with:

- Confirmation that all -30158 communications will include Mr. Bletzer, counsel of record, until and unless *pro hac vice* is granted;

- The status/timing of the -30176 *pro hac vice* refiling (or an explanation for not refiling); and

11/5/25, 1:51 PM    Gmail - Counsel of Record, Pro Hac Vice Compliance, and Local Rule 7.1(a)(2) Request for Clarification (3:25-cv-30158-MGM / -30176-MGM)

Case 3:25-cv-30158-MGM    Document 21-5    Filed 11/05/25    Page 2 of 2

- Your specific conferral positions (relief requested and pinpoint "new matters," if any) regarding any motion for leave to file replies.

I remain willing to confer in writing by email (as previously requested for accessibility reasons) and will reflect your position accurately in any future Rule 7.1(a)(2) certificate.

Respectfully,

Julian Ross
Plaintiff, Pro Se – Ross v. Benchling, Inc.
(413) 531-9810
jross21@gmail.com

---

**Julian Ross** <jross21@gmail.com>                                                    Wed, Nov 5, 2025 at 11:44 AM
To: "conrad@bletzerlaw.com" <conrad@bletzerlaw.com>
Cc: Katherine Oblak <KOblak@sheppardmullin.com>, Shawn Fabian <sfabian@sheppardmullin.com>

Attorney Bletzer,

I'm following up on my email from yesterday (November 4) regarding (1) inclusion of counsel of record on all -30158 communications, (2) clarification of the pro hac vice status/refiling in -30176, and (3) rule-compliant L.R. 7.1(a)(2) conferral practice for any anticipated reply-leave motions.

This morning I also left you a voicemail regarding these issues; your receptionist indicated you were in court at the time.

When convenient, please provide a brief written update on the three items below in order to inform or mitigate motion practice:

1. **Counsel of Record** (-30158): confirmation that all case communications/conferrals will include you unless and until pro hac vice is granted.

2. **Pro Hac Vice** (-30176)**:** whether refiling will occur (as represented by Ms. Catherine Wheeler, Esq. on Oct. 22), and if so, the expected filing date; if not, a short explanation.

3. **Conferral Protocol:** for *any* contemplated motion to which L.R. 7.1(a)(2) applies—including but not for leave to file a reply to any opposition—Defendant must clearly identify the precise relief sought. In the case of Atty. Oblak's November 3 correspondence re: leave to reply, specify the pinpoint "new matters" (by page, paragraph, or quotation) that purportedly justify a reply, and articulate the corresponding legal basis. Similar conferrals must precede the filing of *any motion governed by Local Rule 7.1(a)(2)*. Conferral attempts by non-admitted co-counsel that consist merely of asking "Do you oppose?" without providing substantive context do not satisfy the rule. Continued failure to confer in good faith will be documented and disclosed to the Court and flagged as procedural misconduct that is prejudicing Plaintiff.

Given upcoming filings, a prompt response today by 5:00 p.m. ET would be appreciated. I remain available to confer in writing by email for accessibility and accuracy. Should you wish to speak by phone, please ensure that your system is functioning adequately to accommodate hearing difficulties, as previously discussed and agreed upon with Atty. Oblak.

==Please consider this my final attempt to confer on these issues pursuant to L.R. 7.1(a)(2).==

Best Regards,
Julian Ross
413.531.9810
jross21@gmail.com

[Quoted text hidden]