## RULE 7.1  MOTION PRACTICE

**(a)     Control of Motion Practice.**

    **(1)     *Plan for the Disposition of Motions.*** At the earliest practicable time, the judicial officer shall establish a framework for the disposition of motions, which, at the discretion of the judicial officer, may include specific deadlines or general time guidelines for filing motions. This framework may be amended from time to time by the judicial officer as required by the progress of the case.

    **(2)     *Motion Practice.*** No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.

    **(3)     *Unresolved Motions.*** The court shall rule on motions as soon as practicable, having in mind the reporting requirements set forth in the Civil Justice Reform Act.

**(b)     Submission of Motion and Opposition to Motion.**

    **(1)     *Submission of Motion.*** A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.

    **(2)     *Submission of Opposition to a Motion.*** A party opposing a motion shall file an opposition within 14 days after the motion is served, unless (1) the motion is for summary judgment, in which case the opposition shall be filed within 21 days after the motion is served, or (2) another period is fixed by rule or statute, or by order of the court. A party opposing a motion shall file in the same (rather than a separate) document a memorandum of reasons, including citation of supporting authorities, why the motion should not be granted. Affidavits and other documents setting forth or evidencing facts on which the opposition is based shall be filed with the opposition. The 14-day period is intended to include the period specified by the civil rules for mailing time and provide for a uniform period regardless of the use of the mails.

    **(3)     *Additional Papers.*** All other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court.

    **(4)     *Length of Memoranda.*** Memoranda supporting or opposing allowance of motions shall not, without leave of court, exceed 20 pages, double-spaced.

**(c)**    **Service.** All papers filed pursuant to subsection (b) shall be served unless the moving party indicates in writing on the face of the motion that ex parte consideration is requested. Motions filed "ex parte" and related papers need not be served until the motion has been ruled upon or the court orders that service be made.

**(d)**    **Request for Hearing.** Any party making or opposing a motion who believes that oral argument may assist the court and wishes to be heard shall include a request for oral argument in a separate paragraph of the motion or opposition. The request should be set off with a centered caption, "REQUEST FOR ORAL ARGUMENT."

**(e)**    **Hearing.** If the court concludes that there should be a hearing on a motion, the motion will be set down for hearing at such time as the court determines.

**(f)**    **Decision of Motion Without Hearing.** Motions that are not set down for hearing as provided in subsection (e) will be decided on the papers submitted after an opposition to the motion has been filed, or, if no opposition is filed, after the time for filing an opposition has elapsed.

*Effective September 1, 1990; amended effective October 1, 1992; December 1, 2009*

### RULE 83.5.3  PRACTICE BY PERSONS NOT MEMBERS OF THE BAR

**(a)**    **Generally.** An attorney who is not a member of the bar of this district may appear and practice in this court as set forth in this rule.

**(b)**    **Requirement of Good Standing.** Except as provided in subsection (e)(5) of this rule, no attorney may appear and practice if he or she:

    (1)    is not a member of the bar in good standing in every jurisdiction in which the attorney has been admitted to practice; or

    (2)    is the subject of disciplinary proceedings pending in any jurisdiction in which the attorney is a member of the bar.

**(c)**    **Attorneys for the United States**. An attorney who is employed by the United States or any of its departments or agencies may appear and practice as an attorney for the United States, any department or agency of the United States, or any officer or employee of the United States.

**(d)**    **Federal Defenders.** An attorney employed in the Federal Defender's Office in this District may appear and practice as an attorney pursuant to a court appointment or on behalf of his or her office.

**(e)**    **Procedural Requirements for Admission.**

    (1)    ***Leave of Court Required.*** An attorney who is a member of the bar of any United States District Court or the bar of the highest court of any state may appear and practice in this court in a particular case by leave of court.

    (2)    ***Motion by Local Counsel.*** An application for leave to practice in this court shall be made by motion of a member of the bar of this court, who shall also file an appearance.

    (3)    ***Certification by Attorney.*** Any attorney seeking admission under this rule shall file a signed certification that the attorney:

    **(A)**    is a member of the bar in good standing in every jurisdiction in which the attorney has been admitted to practice;

    **(B)**    is not the subject of disciplinary proceedings pending in any jurisdiction in which the attorney is a member of the bar;

**(C)** has not previously had a *pro hac vice* admission to this court (or other admission for a limited purpose under this rule) revoked for misconduct; and

**(D)** has read and agrees to comply with the Local Rules of the United States District Court for the District of Massachusetts.

(4) ***Payment of Fee.*** An attorney seeking admission under this rule shall pay the appropriate fee to the clerk.

(5) ***Attorney Subject to Pending Disciplinary Proceedings.*** An attorney who otherwise satisfies the requirements of this rule, but who is the subject of disciplinary proceedings pending in another jurisdiction that have not yet been resolved, may seek to appear and practice in this court by providing, in lieu of the certification required by subsection (e)(3) of this rule, a full explanation of the nature of the proceedings and the alleged underlying conduct. Such an applicant may not be permitted to appear and practice in this court unless the judicial officer concludes that the proceeding is not reasonably likely to result in disbarment or suspension or other serious attorney disciplinary action.

**(f)** **Attorneys in Removed Cases.** An attorney who is a member of the Massachusetts bar who represents a party in a case that has been removed to this court, and who filed an appearance in that case prior to its removal, may appear and practice in this court in that case upon payment of the fee and the filing of the certification required by subsection (e)(3) of this rule.

**(g)** **Attorneys in Multidistrict Litigation Cases.** An attorney who represents a party in a case transferred to this district by the Judicial Panel on Multidistrict Litigation, and who filed an appearance in that case prior to its transfer, may appear and practice in this court in that case under such circumstances as the assigned judge may by order provide.

**(h)** **Attorneys in Other Transferred Cases.** An attorney who represents a party in a case transferred to this district from another federal district, other than an MDL case, and who filed an appearance in that case prior to its transfer, shall seek admission under this rule within 21 days of the transfer to this court. The court may waive the requirement of local counsel for good cause shown.

**(i)** **Attorneys in Bankruptcy Cases.** An attorney who has been granted leave to appear *pro hac vice* in the bankruptcy court for this district in a case, contested matter, or adversary proceeding may appear and practice in any appeal, motion to withdraw the reference, or other proceeding pending in that same case, matter, or proceeding in the district court without having to file another motion to appear *pro hac vice* in the district court.

**(j)** **Emergency Filings.** An attorney who is not a member of the bar of this district may sign a complaint, answer, or other pleading reasonably necessary to prevent the expiration of a

period of limitations or an entry of default; provided, however, that any such pleading is accompanied by a motion for admission under this subsection, or such a motion is filed no later than 7 days thereafter.

*Effective September 1, 1990; amended effective February 1, 2012, January 1, 2015.*