## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JULIAN ROSS,

              Plaintiff,

v.

BENCHLING, INC.,

              Defendant.

Civil Action No.: 3:25-cv-30158-KAR

Judge Mark G. Mastroianni

## BENCHLING'S MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO PARTIALLY DISMISS THE COMPLAINT

Defendant Benchling, Inc. ("Benchling"), by and through its undersigned counsel, hereby respectfully submits this Motion for Leave to File a Reply Brief in Support of Its Motion to Compel Arbitration or, In the Alternative, to Partially Dismiss the Complaint ("Motion to Compel/Dismiss"), pursuant to Local Rule 7.1(b)(3). In support of this Motion, Benchling states as follows:

## PRELIMINARY STATEMENT

Plaintiff's Opposition to Defendant's Motion to Compel/Dismiss ("Opposition") misrepresents at least four salient points central to arbitration, dismissal and consolidation, and a reply brief is warranted and necessary. Rather than challenge the arbitration agreement on its face, Plaintiff proffers speculative and prejudicial evidence to evade the arbitration agreement's application and enforceability. And to avoid consolidation, Plaintiff espouses arguments antithetical to those he advanced only days ago. Plaintiff's reliance upon demonstrably contradictory arguments and specious extrinsic information seeks to muddy the court's analysis, underscoring the necessity and propriety of a reply brief to correct the record and, by extension, to clarify and narrow the salient issues underpinning its Motion to Compel/Dismiss.

-1-

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

Notwithstanding his agreement to arbitrate, on September 2, 2025, Plaintiff commenced two lawsuits arising from the "same facts" against Benchling: (i) the instant action (the "Federal Court Action") and (ii) Case Number 3:25-cv-30176-MGM, which Benchling properly removed from the Commonwealth of Massachusetts, Hampshire County Superior Court to the District of Massachusetts on October 9, 2025 (the "State Court Action") (together, the "Actions"). (*See* ECF 11, p. 2).

Because arbitration is the proper forum for Plaintiff's claims pursuant to the valid and enforceable Arbitration Agreement he executed (the "Arbitration Agreement," or the "Agreement"), Defendant moved to compel arbitration on October 14, 2025. (*See* ECF 11). By its express terms, the Agreement requires Plaintiff "submit to mandatory binding arbitration any dispute, claim or controversy arising out of or relating to [Plaintiff's employment with Benchling]." (*See* ECF 11, at 11-2). Alternatively, Benchling moves to dismiss Plaintiff's Electronic Communications Privacy Act and Stored Communications Act claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF 11). In the State Court Action, just as in its federal counterpart, Benchling moves to compel arbitration and to partially dismiss the Complaint. In the State Court Action, Benchling also moves to consolidate the Actions given the identity of parties, claims and operative facts. (*See* State Court Action, Case No. 3:25-cv-30176, ECF 6).

On October 28, 2025, Plaintiff filed his Opposition to Defendant's Motion to Compel/Dismiss ("Opposition"). (*See* ECF 19).

## ARGUMENT

The Opposition makes at least four misrepresentations that bear directly on arbitration, dismissal and consolidation and unnecessarily confound the material issues central to each determination.

*First*, Plaintiff misrepresents when Benchling presented him with the Arbitration Agreement to engineer procedural unconscionability and to mar Benchling before this Court. Although Plaintiff contends Benchling presented the Agreement *after* he accepted Benchling's offer of employment ("Offer"), Benchling's Offer expressly conditioned Plaintiff's employment upon acceptance of the Arbitration Agreement. Moreover, the Arbitration Agreement immediately followed the Offer in Plaintiff's hiring documentation. For this reason, Plaintiff's proffer of a generic and unauthenticated Offer Illustrator (and his unsubstantiated claims of spoliation) is specious and improper. Benchling's hiring documentation, which Benchling will append to its proposed reply, is clear, unequivocal and belies any suggestion of procedural unconscionability.

*Second,* Plaintiff misstates the Arbitration Agreement's plain terms. Contrary to Plaintiff's representation, the Arbitration Agreement expressly encompassed "claims of discrimination," and the Agreement's arbitration mandate applies with equal force to *both* parties. *See* ECF 11-2 ("[T]his Agreement applies to all claims (the 'Arbitrable Claims') arising out of, related to or connected with the Employee's employment with the Company."). Moreover, by signing the Agreement, Plaintiff acknowledged he "read and underst[oo]d this Agreement and enter[ed] into it freely and voluntarily," undermining his claim Benchling coerced his acceptance. (*Id.*) Plaintiff cannot cherry pick and omit excerpts of the Agreement to avoid arbitration.

*Third*, and just as with the Arbitration Agreement, Plaintiff misstates and manipulates precedent favoring dismissal of his Electronic Communications Privacy Act and Stored Communications Act claims.

*Fourth*, Plaintiff's opposition to consolidation is inconsistent with positions he espoused only days ago in this Federal Court Action. In the Opposition, Plaintiff contends the "two cases involve different statutory schemes, remedies, and jurisdictional foundations" and "require distinct analyses and remedies." (ECF 19, ¶¶ 5, 69). However, in support of his Motion to Stay Federal Proceedings Pending Resolution of Parallel State-Court Action and Remand Motion ("Motion to Stay") – filed only two days before his Opposition – Plaintiff advanced an antithetical position, claiming the matters "assert[] parallel Massachusetts civil-rights and privacy claims arising from the *same employment relationship and alleged misconduct*" and that they "involve[] the *same parties and factual nucleus* as this federal case." (ECF 18, ¶¶ 3, 6) (emphases added). If anything, Plaintiff's own argument in support of a stay of proceedings underscores the necessity and propriety of consolidation.

Courts within this District routinely permit reply briefs where, as here, the brief will address Plaintiff's representations and narrow the issues central to Defendant's Motion to Compel/Dismiss (i.e., arbitration, partial dismissal and consolidation). *See Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc.*, No. 18-40207-MGM, 2019 U.S. Dist. LEXIS 225266, at *2 (D. Mass. July 26, 2019) (granting the plaintiff leave to file a reply brief where it "clarifie[d] and narrow[ed] the issues" in the motion); *Ellis v. Viles*, No. CIV.A. 09-40001-PBS, 2010 WL 6465282, at *1 (D. Mass. Aug. 26, 2010), report and recommendation adopted, No. 4:09-CV-40001, 2011 WL 1344551 (D. Mass. Mar. 3, 2011) (noting that defendant was granted leave to file a reply brief to its motion to dismiss).

WHEREFORE, Defendant Benchling, Inc. respectfully requests this Court grant it leave to file a reply brief in support of its Motion to Compel/Dismiss, and for any other relief this Court deems just and proper.

Dated: November 6, 2025                    Respectfully submitted,

                                           **BLETZER & BLETZER, P.C.**


                                           */s/ Conrad J. Bletzer, Jr.*
                                           Conrad J. Bletzer, Jr., BBO No. 045760
                                           300 Market Street
                                           Brighton, MA 02135
                                           617.254.8900
                                           conrad@bletzerlaw.com

                                           Shawn D. Fabian, Ill. Bar No. 6310637 (*pro hac vice* admission pending)
                                           Katherine Oblak, Ill. Bar No. 6307200 (*pro hac vice* admission pending)
                                           **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
                                           321 North Clark St., 32nd Floor
                                           Chicago, Illinois 60654
                                           312.499.6300
                                           sfabian@sheppardmullin.com
                                           koblak@sheppardmullin.com

                                           *Attorneys for Defendant Benchling, Inc.*

## DEFENDANT'S CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Conrad J. Bletzer, Jr., hereby certify pursuant to Local Rule 7.1(A)(2) that on November 3, 2025, counsel for Benchling conferred with Plaintiff in the above-entitled action, in a good faith attempt to resolve or narrow the issues raised by the instant motion.

*/s/ Conrad J. Bletzer, Jr.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing MOTION was electronically filed with the Clerk of the Court and that a copy of the foregoing instrument was sent by first-class U.S. mail, postage prepaid, on November 6, 2025, addressed to the following parties:

Julian Ross

105 East Street, Apt. B

Hadley, MA 01035

jross2l@gmail.com

*/s/ Conrad J. Bletzer, Jr.*