UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. <u>3:25-cv-30158-MGM</u>

| | |
|---|---|
| JULIAN ROSS, | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| BENCHLING, INC. | ) |
| *Defendant* | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO BENCHLING'S MOTION FOR LEAVE TO FILE REPLY BRIEF**

Plaintiff Julian Ross respectfully opposes Defendant Benchling's Motion for Leave to File a Reply Brief (ECF 22). The motion is procedurally unwarranted, unsupported by Local Rule 7.1(b)(3), and serves only to re-litigate arguments Benchling has already presented. Nothing in Plaintiff's Opposition raised new issues requiring a reply; Defendant merely seeks a second bite at the apple to rehabilitate weak arguments on arbitration and consolidation.

**<u>Failure to Confer</u>**

Defendant's certification under Local Rule 7.1(A)(2) is inaccurate and misleading. No genuine conferral occurred, and Defendant failed to disclose that Plaintiff directly and expressly opposed any further briefing. A perfunctory or unilateral communication does not satisfy the rule's requirement of a good-faith attempt to resolve or narrow the issue. Benchling's omission of this fact underscores its pattern of procedural gamesmanship.

**<u>No Showing of "New Matter" Under Local Rule 7.1(b)(3)</u>**

Replies are permitted only when an opposition raises *new factual or legal matters* unforeseen in the moving brief. Plaintiff's Opposition did not. It responded point-for-point to

Page 1 of 3

Benchling's own motion, relying solely on facts and authorities already in the record. The purpose of Benchling's filing is not to expand the case's evidentiary record or legal theories, but instead simply to get the last word in.

Benchling's motion for leave is thus a disguised sur-reply—an attempt to reargue the chronology of its arbitration documents, rewrite the meaning of its own Agreement, and gloss over contradictions in its consolidation request. None of these warrant another round of briefing. Allowing this filing would reward redundancy, burden the Court, and prejudice a pro se litigant who has already responded fully in accordance with the rules. See *United States v. Caparotta*, No. 21-40010-TSH (D. Mass. 2021) (denying leave where movant sought to "restate prior arguments" rather than address new material).

### Conclusion and Alternative Request

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Leave to File a Reply Brief in its entirety.

In the alternative, should the Court permit Defendant to file its proposed reply, Plaintiff requests equal leave to file a full, substantive response within seven (7) days of the reply's filing, to ensure a balanced and complete record.

Dated: November 7, 2025

Respectfully Submitted,

**PLAINTIFF, PRO SE**

/s/ Julian Ross_____

Julian Ross

105 East Street

Apt. B

Hadley, MA 01035

(413) 531-9810

jross21@gmail.com

Pro Se Plaintiff