## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. <u>3:25-cv-30158-MGM</u>

|  |  |
|---|---|
| JULIAN ROSS, | ) |
| *Plaintiff* | ) |
|  | ) |
| v. | ) |
|  | ) |
| BENCHLING, INC. | ) |
| *Defendant* | ) |
|  | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

### <u>Background</u>

Plaintiff Julian Ross respectfully moves for leave to file a Supplemental Memorandum in Opposition to Defendant's Motion to Compel Arbitration. (**Exhibit A**)

This motion seeks to place before the Court newly reviewed contractual materials and evidence establishing Plaintiff's independent standing as a Benchling shareholder and the governing forum provisions that expressly require litigation in California state or federal courts and contain no arbitration clause. These materials are:

1. the 2013 Amended and Restated Stock Plan; (**Exhibit B**)

2. the Stock Option Agreement; (**Exhibit C**)

3. the Notice of Exercise; (**Exhibit D**) and

4. Plaintiff's Shareholder Certificate. (**Exhibit E**)

These materials demonstrate that Plaintiff's equity interests arise under a distinct contractual and fiduciary framework, wholly separate from the employment relationship referenced in the Offer Letter.

In addition, the supplemental memorandum addresses wiretapping, Stored Communications Act, and spoliation concerns, and related fiduciary-duty implications under Fed. R. Civ. P. 37(e) arising from the deletion and uncertain preservation of a key electronically stored document—the shared Google Sheets file titled "Benchling Offer Illustrator." (ECF No. 20)

These issues reinforce the necessity of judicial, rather than arbitral, oversight, as the alleged misconduct implicates multiple stakeholder classes—including employees, customers and prospective customers, and shareholders—and thus presents systemic corporate-governance concerns well beyond the scope of private arbitration.

Moreover, the governing shareholder instruments expressly designate California state or federal court as the exclusive forum and make no reference whatsoever to arbitration, JAMS or other forms of alternative dispute resolution.

Granting leave will assist the Court by providing a complete and updated record on both the contractual forum-selection question and the evidence-preservation issues, without prejudice to Defendant, which may respond if the Court so directs.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the Supplemental Memorandum in Opposition attached as **Exhibit A** and deem it part of the record in connection with Defendant's Motion to Compel Arbitration and Plaintiff's Opposition.

**Exhibits Attached:**

A.  Memorandum in Opposition

B.  2013 A&R Stock Plan Final_May 2021

C.  Benchling – Form of Option Agreement

D.  Notice of Exercise

E.  Plaintiff's Shareholder Certificate

**Local Rule 7.1(a)(2) Certification**

Pursuant to Local Rule 7.1(a)(2), I certify that I have conferred, or attempted to confer, in good faith with counsel for Benchling regarding the relief sought in this motion. Beginning November 7, 2025, I sent multiple detailed conferral emails describing the narrow supplemental issues—principally, the inapplicability of arbitration to shareholder and equity-plan instruments designating California jurisdiction, and the unresolved spoliation and preservation concerns surrounding the deleted "Benchling Offer Illustrator" file.

Despite ample, timely and substantive notice, Defendant's counsel (1) failed to provide a position by the stated conferral deadline, (2) gave conflicting statements explaining why they could not confer in a timely manner, and (3) asserted that client consultation could not occur until "later in the week" after previously stating they would respond earlier. In light of the Court's order emphasizing that conferrals must be meaningful and timely, and given that Plaintiff understands, given his past employment, that Benchling's leadership is readily reachable through "asynchronous" communication channels (including Slack and email), I proceeded to file this motion to prevent further delay, particularly in light of Defendant's unwillingness to directly address preservation of evidence and spoliation concerns raised in my motions.

Dated: November 10, 2025

Respectfully Submitted,

PLAINTIFF, PRO SE

 /s/ Julian Ross

Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
413-531-9810
jross21@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed through the

Court's CM/ECF system, which will send notice electronically to all counsel of record.


PLAINTIFF, PRO SE

*/s/* Julian Ross

Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
(413) 531-9810
jross21@gmail.com
Pro Se Plaintiff