UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN ROSS,<br><br>Plaintiff,<br><br>v.<br><br>BENCHLING, INC.,<br><br>Defendant. | Civil Action No.: 3:25-cv-30158-MGM<br><br>Judge Mark G. Mastroianni |

### BENCHLING'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY FEDERAL PROCEEDINGS PENDING RESOLUTION OF PARALLEL STATE-COURT ACTION AND RELATED REMAND MOTION

Defendant Benchling, Inc. ("Benchling"), by and through its undersigned counsel, hereby respectfully submits this Response in Opposition to Plaintiff's Motion to Stay Federal Proceedings Pending Resolution of Parallel State-Court Action and Related Remand Motion ("Motion"). In support of this Opposition, Benchling states as follows:

### PRELIMINARY STATEMENT

Defendant's invocation of the *Colorado River* abstention doctrine misses the mark. Stays and abstention under *Colorado River* are a narrow exception to the federal courts' unflagging obligation to exercise jurisdiction, and courts apply them only in exceptional circumstances. There are none here. Yet Plaintiff urges this Court to abdicate its jurisdiction and stay proceedings in favor of a *non-existent* parallel state court action (i.e., an action properly and timely removed to this Court).

Even if remanded, the removed action[1] cannot resolve Plaintiff's *exclusively federal* dispute, further underscoring the inapplicability and impropriety of *Colorado River* abstention. Absent the extraordinary circumstances *Colorado River* demands, a stay will delay resolution, undermine the federal interest in adjudicating claims properly before this Court, prejudice Defendant's rights and impede – *not* promote – judicial economy. For these reasons, and those set forth in greater detail herein, Plaintiff's Motion to Stay summarily fails.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

Notwithstanding his agreement to arbitrate, on September 2, 2025, Plaintiff commenced two lawsuits arising from the "same facts" against Benchling: (i) the instant action (the "Federal Court Action"), and (ii) Case Number 3:25-cv-30176-MGM, which Benchling properly removed from the Commonwealth of Massachusetts, Hampshire County Superior Court to the District of Massachusetts on October 9, 2025 (the "State Court Action") (together, the "Actions"). (*See* ECF 11, p. 2; ECF 6, p. 2).

Because arbitration is the proper forum for Plaintiff's claims pursuant to the valid and enforceable Arbitration Agreement he executed (the "Arbitration Agreement," or the "Agreement"), Defendant moved to compel arbitration in the instant action on October 14, 2025 ("Motion to Compel/Dismiss"). (*See* ECF 11). On October 23, 2025, Plaintiff moved to remand the State Court Action ("Remand Motion"). Tellingly, Plaintiff does *not* contest the existence or propriety of diversity jurisdiction in the Remand Motion. (*See* Case Number 3:25-cv-30176-MGM, ECF 16). On October 28, 2025, Plaintiff filed his opposition in response to Defendant's Motion to Compel/Dismiss ("Opposition") in the instant action. (*See* ECF 18).

---

[1] *See* Case Number 3:25-cv-30176-MGM, which Benchling properly removed from the Commonwealth of Massachusetts, Hampshire County Superior Court to the District of Massachusetts on October 9, 2025 (the "State Court Action").

## ARGUMENT

Plaintiff's invocation of the *Colorado River* doctrine is misguided and, if anything, solidifies the impropriety of a stay. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Pursuant to the doctrine, a federal court may stay an action in deference to a related state court action when it concludes the parallel state-court litigation "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). However, federal courts have an obligation to exercise the jurisdiction the Constitution and Congress bestow upon them, and, therefore, surrendering jurisdiction under the *Colorado River* doctrine is allowed only in "*exceptional circumstances*." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 532 (1st Cir. 1991) (emphases added).

Where, as here, there is no "parallel state-court litigation," *Colorado River* is inapplicable. Defendant timely and properly removed the State Court Action, obviating the requisite parallel state court proceeding and mooting a stay pursuant to *Colorado River. See Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991) (finding *Colorado River* doctrine inapplicable because there was no concurrent or pending state court proceeding after case was removed to federal court); *Crestmark Bank v. Electrolux Home Prods., Inc.*, No. 14-CV-11595, 2014 WL 3900604, at *3 (E.D. Mich. Aug. 11, 2014) ("Because plaintiff has since removed [the relevant state court action] to federal court, there is no longer a parallel state court action, and *Colorado River* abstention does not apply."); *Vyas v. Taglich Bros., Inc.*, No. 8:22-CV-1515-CEH-JSS, 2023 WL 4364543, at *2 (M.D. Fla. July 6, 2023) ("Because the Parallel Action has been removed to federal court, there is no relevant state litigation to consider, and *Colorado River* does not apply."); *see also AUI Partners LLC v. State Energy Partners LLC*, 742 F. Supp. 3d 28, 43 (D. Mass. 2024) ("In order to

apply *Colorado River* abstention, a court must assess, as a 'threshold inquiry', whether there is parallel litigation in both state and federal court.").

Beyond that, this Court's jurisdiction over Plaintiff's Federal Court Action (in which he asserts exclusively *federal* claims) is proper and uncontested, vesting the court with the unflagging power and obligation to adjudicate Plaintiff's claims. As *Colorado River* makes clear, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." 424 U.S. at 813. The federal court should defer to a state court action only in "exceptional circumstances." *Id.*; *Bank of Am., N.A. v. WRT Realty, L.P.*, 769 F. Supp. 2d 36, 40 (D. Mass. 2011). Indeed, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

In *Colorado River* and its progeny, the U.S. Supreme Court enumerated eight salient factors to facilitate the court's assessment of a stay, the majority of which disfavor its imposition[2]: (i) whether property is involved in the litigation and another court already exercised jurisdiction over it; (ii) whether the federal forum is inconvenient; (iii) whether staying or dismissing the suit would avoid piecemeal litigation; (iv) whether jurisdiction was obtained in the state forum first; (v) whether state or federal law controls the action; (vi) whether the state forum will adequately protect the parties' interests; (vii) the vexatious or contrived nature of the federal claim; and (viii) respect for the principles underlying removal jurisdiction. *See Colorado River*, 424 U.S. at 818–19; *Moses H. Cone*, 460 U.S. at 15–16; *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 10 (1st Cir. 2003).

---

[2] The first, second and eighth enumerated factors disfavor a stay, as Benchling timely and properly removed the State Court Action (i.e., there is no action pending in State Court) and Plaintiff filed the Federal Court Action in federal court (i.e., Benchling did not remove the Federal Court Action). Additionally, at this stage in the proceedings, the seventh factor's application and relevance are unclear.

Plaintiff cannot clear at least seven of the eight hurdles. *First,* there is no real property at issue. *Second,* staying the Federal Court Action will exacerbate, not obviate, piecemeal litigation. A blanket stay will stall the Federal Court Action indefinitely and will further parse resolution of Plaintiff's federal claims. *See Martinez v. Hongyi Cui*, No. CV 06-40029-FDS, 2007 WL 9684172, at *1–2 (D. Mass. Sept. 13, 2007) (refusing to grant a stay in part because the stay "would only postpone, not eliminate, piecemeal litigation, because a resolution of the issues in the state case would not eliminate the need to litigate the issues in the federal case"). *Third*, this Court must resolve the Federal Court Action because Plaintiff asserts exclusively federal claims. *Fourth,* and for this same reason, federal law governs the Federal Court Action. *Fifth,* the state forum cannot adequately protect the parties' interests because it does not exist (i.e., there is no action pending in State Court). Moreover, Plaintiff predicates the Federal Court Action entirely upon federal law. *See DeVona v. City of Providence Through Napolitano*, 652 F. Supp. 683, 688 (D.R.I. 1987) (explaining there is "no question" federal law provides the rule of decision as to plaintiff's constitutional rights claims). These factors, individually and collectively, "heavily weigh[] in favor of the exercise of jurisdiction," and cement the impropriety of a stay. *Moreno v. Doral Fin. Corp.*, 719 F. Supp. 2d 194, 196–97 (D.P.R. 2010).

Nor does Plaintiff's reliance upon "unnecessary cost and complexity" constitute the "exceptional circumstances" *Colorado River* demands. (*See* ECF 18, ¶ 7); *Bank of Am., N.A.*, 769 F. Supp. 2d at 39–40. If anything, a stay is patently prejudicial to Defendant, as it unnecessarily hinders resolution of the Federal Court Action. Plaintiff *chose* to file the Federal and State Court Actions in tandem; he can neither dictate when and how this Court considers the Federal Court Action, nor can he bemoan the practical implications of his "simultaneous litigation." (*See* ECF

18, ¶ 7). *See Three Rivers Cablevision, Inc. v. City of Pittsburgh*, 502 F. Supp. 1118, 1126 (W.D. Pa. 1980) (finding abstention "wholly inappropriate" where it would result in "prejudicial delay").

## CONCLUSION

For these reasons, Benchling respectfully requests this Court deny Plaintiff's Motion and grant any other relief this Court deems necessary and proper.

Dated: November 10, 2025    Respectfully submitted,

**BLETZER & BLETZER, P.C.**

*/s/ Conrad J. Bletzer, Jr.*
Conrad J. Bletzer, Jr., BBO No. 045760
300 Market Street
Brighton, MA 02135
617.254.8900
conrad@bletzerlaw.com

Shawn D. Fabian, Ill. Bar No. 6310637 (*pro hac vice* admission)
Katherine Oblak, Ill. Bar No. 6307200 (*pro hac vice* admission)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
312.499.6300
sfabian@sheppardmullin.com
koblak@sheppardmullin.com

*Attorneys for Defendant Benchling, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing BENCHLING'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY FEDERAL PROCEEDINGS PENDING RESOLUTION OF PARALLEL STATE-COURT ACTION AND RELATED REMAND MOTION was electronically filed with the Clerk of the Court and that a copy of the foregoing instrument was sent by first-class U.S. mail, postage prepaid, on November 10, 2025, addressed to the following parties:

Julian Ross

105 East Street, Apt. B

Hadley, MA 01035

jross2l@gmail.com

*/s/ Conrad J. Bletzer, Jr.*