UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN ROSS,<br><br>    Plaintiff,<br><br>v.<br><br>BENCHLING, INC.,<br><br>    Defendant. | Civil Action No.: 3:25-cv-30158-MGM<br><br>Judge Mark G. Mastroianni |

## BENCHLING'S RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR PRESERVATION AND FORENSIC ASSURANCES

Defendant Benchling, Inc. ("Benchling"), by and through its undersigned counsel, hereby respectfully submits this Response in Opposition to Plaintiff Julian Ross's ("Plaintiff") Motion for Preservation and Forensic Assurances Regarding the "Benchling Offer Illustrator" File Marked "Deleted." In support of this Response, Benchling states as follows:

**PRELIMINARY STATEMENT**

Under the guise of "*potential*" and wholly unsupported spoliation, Plaintiff seeks to levy extraordinary and unjustifiable demands upon Benchling. Although the Federal Rules of Civil Procedure impose robust, ongoing duties to preserve relevant electronically stored information ("ESI") – all with which Benchling complies – they do not sanction premature and speculative spoliation motions, like Plaintiff's.

Nor is there any credible basis to suggest any spoliation occurred. Benchling implemented a formal litigation hold on December 5, 2022 – shortly after receiving Plaintiff's first demand correspondence and nearly *three years* before Plaintiff filed this action – and it has preserved relevant information and materials since that time. There is no evidence to suggest otherwise or to

warrant the extraordinary relief Plaintiff seeks (*i.e.*, a court-mandated evidence preservation order and sworn assurances and certifications regarding same).

Notwithstanding, Plaintiff requests drastic court intervention – even before this Court has determined whether this case must proceed to arbitration – rendering Plaintiff's Motion premature and procedurally improper. At its core, Plaintiff's Motion seeks to bypass essential and fundamental evidentiary requirements, upend Rule 37(e), and impose undue and unwarranted burdens upon Benchling. For these reasons, Plaintiff's Motion should be denied.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

On September 2, 2025, Plaintiff commenced two, nearly identical lawsuits against Benchling: (i) the instant action, and (ii) Case Number 3:25-cv-30176-MGM (collectively, the "Actions"), which Benchling properly removed from the Commonwealth of Massachusetts, Hampshire County Superior Court to the District of Massachusetts on October 9, 2025. (*See* ECF 11, p. 2; ECF 6, p. 2).[1]

On December 5, 2022, two weeks after receiving Plaintiff's initial demand correspondence and almost *three years before* Plaintiff filed the Actions, Benchling implemented a formal litigation hold. (*See* Declaration of Emily Kirsch ("Declaration"), attached hereto as Exhibit 1, ¶ 4). Since that time, Benchling has and continues to preserve documentation and information relevant to Plaintiff's claims. (*See id.* at ¶ 5).

On October 28, 2025, Plaintiff emailed counsel for Benchling seeking confirmation regarding preservation of the "Benchling Offer Illustrator" Google Sheets file and associated

---

[1] Plaintiff did not file a similar motion in the related action, Case Number 3:25-cv-30176-MGM. To the extent Plaintiff intends to incorporate this Motion in that litigation, Benchling expressly adopts and incorporates its arguments herein. Both actions arise from the same operative facts and are subject to the same litigation hold.

metadata, including audit-log information. (*See* October 2025 Emails, attached hereto as <u>Exhibit 2</u>). Benchling's counsel responded on October 31, 2025, confirming Benchling (i) implemented a litigation hold in December 2022, (ii) preserved relevant documentation and information since that time, and (iii) did not delete the Offer Illustrator file or any other document subject to the litigation hold after the hold's implementation. (*See id.*). Benchling's counsel's consistent representations have not satisfied Plaintiff, and he filed the baseless motion for an evidence preservation order.

## ARGUMENT

### I. Plaintiff's Motion Is Procedurally Improper.

Plaintiff's request for an evidence preservation order – *before* this Court has even determined whether this action must proceed in arbitration – is premature and fundamentally inconsistent with federal civil procedure. The Federal Rules of Civil Procedure delineate the discovery progression that must predate a spoliation motion like Plaintiff's. *See* Fed. R. Civ. P. 26(d); *Alden v. Off. Furniture Distributors of New England, Inc.*, No. 1:10-CV-00316-GZS, 2011 WL 1770948, at *1 (D. Me. May 9, 2011) (quoting *Harriman v. Hancock Cnty.*, 627 F.3d 22, 29 (1st Cir. 2010)) (noting that the Federal Rules "provide the basic framework" for discovery requirements). Only then can a party properly seek a spoliation motion. *See Groves Inc. v. R.C. Bremer Mktg. Assocs.*, No. 22 CV 50154, 2024 WL 4871368, at *4 (N.D. Ill. Nov. 22, 2024) ("[A] spoliation motion shouldn't be filed before discovery has been served and responded to.").

Plaintiff's Motion seeks to circumvent these foundational requirements. The threshold issue of arbitrability and, by extension, this Court's jurisdiction is unresolved, and the case remains in its infancy. (*See* ECF 10). Benchling's Motion to Compel Arbitration, or in the Alternative, to Partially Dismiss the Complaint and to Consolidate (ECF 10) remains pending, rendering

discovery (formal or otherwise[2]) premature and inappropriate. *See Everett J. Prescott, Inc. v. Beall*, No. 1:25-CV-00071-JAW, 2025 WL 2085275, at *41 (D. Me. July 24, 2025) (finding motion to compel "premature[]" where motions which would have a direct effect on the bounds of discovery remained pending, and the court had not issued a scheduling order opening the discovery period). Simply put, Plaintiff cannot bypass these foundational evidentiary requirements to impose drastic, punitive, and unjustifiable requirements upon Benchling. *See id.*; *Toomer v. Nelson*, No. 1:20-CV-374-LG-RPM, 2021 WL 12307488, at *3 (S.D. Miss. Sept. 10, 2021) (denying motion to compel where there was no scheduling order in place and therefore discovery had not begun); *Seelye v. Fisher*, No. CIV. 06-2848 RHKRLE, 2007 WL 951604, at *17 (D. Minn. Mar. 29, 2007) (denying various motions for discovery and to preserve evidence after finding no discovery requests were served prior to the plaintiff's discovery motions).

Plaintiff's invocation of Rule 37(e) is equally improper and unwarranted. Rule 37(e) is an extreme remedy and authorizes court intervention only when a party *demonstrates* ESI "is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." *See Dubois v. U.S. Dep't of Agric.*, 270 F.3d 77, 80 (1st Cir. 2001) ("[T]he power to sanction must be used with great circumspection and restraint, employed in only compelling situations."). Against this backdrop, Rule 37(e) is not a vehicle to micro-manage routine preservation issues appropriate for discovery. *See James v. U.S. Bancorp*, No. EDCV181762FLASPX, 2021 WL 1218463, at *7 (C.D. Cal. Feb. 5, 2021) (refusing to use court's inherent authority to grant spoliation motion after finding "no abuse for the court to address" where plaintiffs had yet to issue any written discovery requests).

---

[2] The Court has not issued a scheduling order, and the parties have not served any formal discovery requests.

Rather, the Rule's sparing application demands proof of loss, non-restorability, and resulting prejudice – none of which Plaintiff's speculative claims of "potential" wrongdoing satisfies. (*See* ECF 20, ¶¶ 10, 14). *See Walsh v. Tara Constr., Inc.*, No. CV 19-10369-LTS, 2021 WL 12094222, at *3 (D. Mass. June 7, 2021) ("[A] party claiming spoliation of ESI *must establish first* that ESI has been lost and is not available in any other location.") (emphases added)*; Ward v. Copenhaver*, No. 3:22-CV-00250-LPR-BBM, 2025 WL 2964335, at *13 (E.D. Ark. Oct. 20, 2025) (noting that "'spoliation motions shouldn't be filed before discovery has been served and responded to'" because there is not yet evidence to establish that the allegedly lost ESI cannot be restored or replaced). Plaintiff's conspiracy theories cannot serve as the basis for a preservation order. There simply is no proof to justify this extraordinary action, and Plaintiff's Motion summarily fails.

## II. Benchling Has Nonetheless Complied With Its Preservation Obligations.

If anything, Benchling's October 31 email correspondence and the Declaration belie Plaintiff's speculative claims Benchling has failed to comply with its preservation obligations. (*See* Ex. 1; Ex. 2). Benchling promptly implemented a litigation hold upon receipt of Plaintiff's demand correspondence, and has preserved documentation and information relevant to Plaintiff's claims since that time. (*See* Ex. 1, ¶¶ 4-5; Ex. 2). Benchling further advised Plaintiff it did not delete the "Benchling Offer Illustrator" or any other document subject to the hold after its implementation. (*See* Ex. 2). Indeed, Plaintiff concedes "potential" spoliation only attaches "*if* [alleged deletion occurred] post-litigation-hold." (*See* ECF 20, ¶ 10).

Plaintiff's Motion offers no evidence to even remotely suggest Benchling destroyed any information or documents (ESI or otherwise) post-litigation hold, let alone that Benchling failed to take reasonable steps to preserve relevant discovery. This alone dooms Plaintiff's Motion as a

matter of law. *See Walsh*, 2021 WL 12094222, at *6 (denying spoliation motion where plaintiff failed to establish that any ESI was lost that could not be restored or replaced through additional discovery, that the lost information was available in any other location, and that the defendants failed to take reasonable steps to preserve the information).

To the extent Plaintiff seeks sworn declarations about litigation hold dates, custodians, system coverage, and audit-trail details, those subjects are appropriately addressed, if at all, through the ordinary discovery process, and *after* this Court rules on Benchling's motion to compel arbitration and/or to dismiss. *See Bailey v. Kauffman*, No. 1:19-CV-1458, 2021 WL 5112331, at *2 (M.D. Pa. Nov. 3, 2021) (refusing to litigate any spoliation sanction issues before pending and potentially dispositive motion to dismiss was resolved); *Doe v. Coliseum, Inc.*, No. 2:20-CV-10845-TGB-MJH, 2024 WL 4369883, at *4 (E.D. Mich. Sept. 30, 2024) ("Until a motion to compel arbitration is resolved, other matters, including those merit-based, are not to be addressed."); *James*, 2021 WL 1218463, at *7 (rejecting premature spoliation motion and noting plaintiffs should instead pursue it in the discovery process).

## CONCLUSION

At its core, Plaintiff's Motion lacks any proof to justify the extraordinary relief Plaintiff seeks, and Plaintiff fails to satisfy the exacting standard Rule 37(e) demands. For these reasons, Benchling respectfully requests this Court deny Plaintiff's Motion and grant any other relief this Court deems necessary and proper.

Dated: November 17, 2025							Respectfully submitted,

							**BLETZER & BLETZER, P.C.**

							*/s/ Conrad J. Bletzer, Jr.*
							Conrad J. Bletzer, Jr., BBO No. 045760
							300 Market Street
							Brighton, MA 02135
							617.254.8900
							conrad@bletzerlaw.com

							Shawn D. Fabian, Ill. Bar No. 6310637
							(admitted *pro hac vice*)
							Katherine Oblak, Ill. Bar No. 6307200
							(admitted *pro hac vice*)
							**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
							321 North Clark St., 32nd Floor
							Chicago, Illinois 60654
							312.499.6300
							sfabian@sheppardmullin.com
							koblak@sheppardmullin.com

							*Attorneys for Defendant Benchling, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing BENCHLING'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRESERVATION AND FORENSIC ASSURANCES was electronically filed with the Clerk of the Court and that a copy of the foregoing instrument was sent via email, on November 17, 2025, addressed to the following parties:

Julian Ross

jross2l@gmail.com

*/s/ Conrad J. Bletzer, Jr.*