**From:** Katherine Oblak
**Sent:** Monday, November 3, 2025 4:54 PM
**To:** 'Julian Ross' <jross21@gmail.com>
**Cc:** Shawn Fabian <SFabian@sheppardmullin.com>; conrad@bletzerlaw.com
**Subject:** RE: Deleted "Benchling Offer Illustrator" Google Sheet – Preservation and Audit Inquiry; Spoliation Concerns

Mr. Ross,

Benchling has complied with its document preservation obligations.

Best,

**Katherine H. Oblak** | Partner
+1 312-499-6372 | direct
KOblak@sheppardmullin.com | Bio

**Sheppard**Mullin

321 North Clark Street, 32nd Floor
Chicago, IL 60654
+1 312-499-6300 | main
www.sheppardmullin.com | LinkedIn

**From:** Julian Ross <jross21@gmail.com>
**Sent:** Monday, November 3, 2025 4:24 PM

**To:** Katherine Oblak <KOblak@sheppardmullin.com>
**Cc:** Shawn Fabian <SFabian@sheppardmullin.com>; conrad@bletzerlaw.com
**Subject:** Re: Deleted "Benchling Offer Illustrator" Google Sheet – Preservation and Audit Inquiry; Spoliation Concerns

Ms. Oblak,

It's now past 5pm ET on November 3 and I have not received a response to my November 1 follow-up regarding the deleted/missing "Benchling Offer Illustrator" document sent to me via email by Christian Haas-Kwon on May 10, 2021 at 4:08 pm.

Given the ambiguity of your October 31 correspondence and lack of clarity regarding the timing, scope, and custodial coverage of Benchling's litigation hold, I remain unable to determine whether relevant evidence has been properly preserved. You have also not confirmed any details about the deletion record or associated metadata.

Accordingly, I will now proceed to file a motion with the Court, seeking relief and preservation assurances.

If you intend to provide a response that may narrow or resolve these issues, please advise promptly so that I may reference it before filing.

Thank you,

Julian Ross
413.531.9810
jross21@gmail.com

On Sat, Nov 1, 2025 at 8:04 AM Julian Ross <jross21@gmail.com> wrote:
> Ms. Oblak,
>
> Thank you for your response to my October 28 email and prior October 25 letter regarding preservation of the "Benchling Offer Illustrator" document that is marked "deleted." Unfortunately, your reply raises more questions than it answers.
>
> Your reply asserts that Benchling "implemented its litigation hold in December 2022" and that "Benchling did not delete the Offer Illustrator or any other document subject to the litigation hold after the hold's implementation."

These statements does not answer the questions I asked, and it leaves several key points unclear:

1. **Timing**: My attorney issued the demand and preservation notice on **November 22, 2022**. Your response references only "December 2022" without identifying the exact date on which Benchling implemented its hold. Please confirm the specific calendar date the hold was issued and distributed to relevant custodians.

2. **Scope**: Please identify which custodians and systems (e.g. Google Workspace, Slack, Salesloft, Salesforce, internal drives) were covered by the hold at the time of implementation.

3. **Deletion record**: Your letter says Benchling "did not delete the Offer Illustrator after the hold's implementation," but it does not deny that the file was deleted—only that you claim the deletion did not occur after the hold began. As I have documented, Google Workspace now reports the "Benchling Offer Illustrator" file as deleted.

Please confirm, in plain terms:

1. Whether Benchling acknowledges that the "Benchling Offer Illustrator" file was deleted;

2. The date and user account associated with that deletion;

3. Whether Benchling has retained any archived copy, revision history, or audit-log metadata reflecting its creation, access, or deletion; and

4. What steps, if any, have been taken to recover or preserve that information.

My prior request was made in good faith to clarify preservation status and avoid unnecessary motion practice. At this point, the lack of specificity in your reply leaves open serious and time-sensitive questions regarding Benchling's compliance with its Rule 37(e) obligations and its duty to preserve ESI after November 22, 2022.

**Please provide a complete response to the above by 5pm ET on Monday, November 3**, so that I can determine whether a motion or further court involvement is necessary.

Sincerely,

Julian Ross

413.531.9810
jross21@gmail.com

On Fri, Oct 31, 2025 at 2:42 PM Katherine Oblak <KOblak@sheppardmullin.com> wrote:

> Mr. Ross,
> Thank you for your email. I write in response to your below email as well as your October 25 letter regarding evidence preservation.
> Benchling implemented its litigation hold in December 2022 (i.e., when it responded to your initial demand letter). In accordance with the litigation hold, Benchling has preserved documentation and information relevant to your claims since that time. Benchling did not delete the Offer Illustrator or any other document subject to the litigation hold after the hold's implementation.
> Best,
>
> **Katherine H. Oblak** | Partner
> +1 312-499-6372 | direct
> KOblak@sheppardmullin.com | Bio
>
> **SheppardMullin**
> 321 North Clark Street, 32nd Floor
> Chicago,  IL 60654
> +1 312-499-6300 | main
> www.sheppardmullin.com | LinkedIn
>
> ---
>
> **From:** Julian Ross <jross21@gmail.com>
> **Sent:** Tuesday, October 28, 2025 10:50 AM
> **To:** Katherine Oblak <KOblak@sheppardmullin.com>
> **Cc:** Shawn Fabian <SFabian@sheppardmullin.com>; conrad@bletzerlaw.com
> **Subject:** Deleted "Benchling Offer Illustrator" Google Sheet – Preservation and Audit Inquiry; Spoliation Concerns
>
> Counsel,
>
> I write regarding the "Benchling Offer Illustrator" Google Sheets document referenced in my Opposition to Defendant's Motion to Compel Arbitration, filed today in Case No. 3:25-cv-30158-MGM.
>
> As noted in the Opposition and supporting Declaration, this shared Google Sheet was used by Benchling's Sales Development Manager Christian Haas-Kwon to communicate and negotiate my salary and stock-option terms prior to any DocuSign onboarding or arbitration materials. The document now shows within Google Workspace as "deleted" for unexplained reasons.

Given its relevance to contract formation and my claims against your client, please confirm Benchling has preserved any copies, archives, or audit-log metadata (e.g., creation date, revision history, collaborators, and deletion record) for that document within the company's Google Workspace environment.

If the document was deleted after Benchling's duty to preserve attached, please also confirm preservation of the date and user associated with the deletion, as well as all other applicable metadata.

This inquiry is made in good faith to clarify preservation status of ESI and is not intended as a formal discovery request under Rule 34. This email also serves as an attempt to avoid any unnecessary motion practice.

Please confirm by EOD on Friday, October 31 whether Benchling will preserve chain of custody and relevant audit data.

Thank you for your attention to this matter. Exhibits E and F are attached below for your reference.

Sincerely,

Julian Ross
Plaintiff, Pro Se
413.531.9810
jross21@gmail.com


Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.