UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:25-cv-30158-MGM

| | |
|---|---|
| JULIAN ROSS, | ) |
|                 *Plaintiff* | ) |
| v. | ) |
| BENCHLING, INC. | ) |
|                 *Defendant* | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR PRESERVATION AND FORENSIC ASSURANCES**

1.    Plaintiff Julian Ross respectfully moves for leave to file a short reply memorandum in further support of his Motion for Preservation and Forensic Assurances (ECF No. 20). Good cause exists to permit the reply because Benchling's Opposition (ECF No. 28) raises new factual assertions and legal arguments that could not reasonably have been anticipated and that warrant clarification for the benefit of the Court.

2.    Benchling's Opposition and accompanying Declaration (ECF No. 28-1) introduces new factual assertions regarding its alleged December 2022 litigation hold, its preservation processes, and its claimed non-deletion of the "Benchling Offer Illustrator" file, yet none of these statements meaningfully address the core preservation problem before the Court. Benchling offers only vague descriptions and conclusory assurances, not concrete evidence such as Google Workspace audit logs, file-location metadata, or screenshots confirming the file's current status.

3.    Benchling's statements operate at a level of generality that precludes meaningful evaluation. The Opposition does not identify (i) when the "Benchling Offer Illustrator" file

was last accessed; (ii) where within Google Workspace it is currently located; (iii) whether it remains recoverable through version history or trash-bin retention; or (iv) why it is marked as "Deleted." Nor does Benchling supply any of the basic indicia of preservation compliance—such as audit-log entries showing file movements, custodial ownership, deletion or restoration events, or screenshots confirming the file's present status. In the absence of these foundational facts, Benchling's Opposition leaves the central preservation issue unresolved and provides the Court with no verifiable basis on which to credit its assurances.

4.  These omissions—combined with Benchling's unexplained delayed litigation hold, which Benchling states began on December 5, 2022, rather than November 22, 2022, or mid-September 2022, when the duty to preserve first attached—reinforce the need for limited judicial intervention to ensure that critical evidence is preserved and uncertainty is removed before further prejudice accrues.

5.  Benchling's Opposition advances new legal theories—including a misapplication of Rule 37(e) as a threshold bar to preservation relief and a procedurally inverted interpretation of Rule 26(d)—that were not addressed in Plaintiff's original motion and that materially affect the proper standard the Court must apply.

6.  Perhaps most notably, Benchling's Opposition relies heavily on the Federal Rules of Civil Procedure (FRCP), arguing that Rule 37(e) and Rule 26(d) govern the timing and availability of preservation measures. These Rule-based arguments are entirely irreconcilable and at odds with Benchling's pending Motion to Compel Arbitration (ECF No. 10), in which Benchling seeks to displace the Federal Rules altogether. This procedural inconsistency independently justifies a short reply to prevent confusion in the record and to clarify the

framework the Court is being asked to apply.

7. The reply will assist the Court by clarifying the narrow scope of Plaintiff's requested relief, correcting the misstatements of law in the Opposition, and directly addressing the evidentiary implications of the "Deleted" file status that Benchling sidestepped in its Opposition.

8. The proposed reply is concise, targeted, and necessary to ensure a complete and accurate record. Granting leave will not delay proceedings, prejudice Defendant, or burden the Court.

**REQUESTED RELIEF**

9. For these reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Reply in Support of Motion for Preservation and Forensic Assurances.

**Exhibits:**

A. PLAINTIFF'S SHORT REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRESERVATION AND FORENSIC ASSURANCES

B. [PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY

**Docket References (ECF Nos.):**

1. ECF No. 20 – Plaintiff's Motion for Preservation and Forensic Assurances

2. ECF No. 28 – Defendant's Opposition to Motion for Preservation

      a. ECF No. 28-1 – Declaration Filed by Benchling in Support of Opposition

## Local Rule 7.1(a)(2) Certification

Pursuant to Local Rule 7.1(a)(2), I certify that I have conferred, or attempted to confer, in good faith with counsel for Benchling regarding the relief sought in this motion. At the time of filing, Benchling has not provided a response regarding assent, opposition or neutrality to this motion.

Dated: November 18, 2025

                          Respectfully Submitted,

                          PLAINTIFF, PRO SE

                          /s/ Julian Ross

                          Julian Ross
                          105 East Street
                          Apt. B
                          Hadley, MA 01035
                          413-531-9810
                          jross21@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed through the

Court's CM/ECF system, which will send notice electronically to all counsel of record.


PLAINTIFF, PRO SE

*/s/* Julian Ross

Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
(413) 531-9810
jross21@gmail.com
Pro Se Plaintiff