UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:25-cv-30158-MGM

|  |  |
|---|---|
| JULIAN ROSS,<br>    *Plaintiff*<br>v.<br>BENCHLING, INC.<br>    *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S SHORT REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRESERVATION AND FORENSIC ASSURANCES**

1. Pursuant to Local Rule 7.1(b)(3), Plaintiff submits this short reply in further support of his Motion for Preservation and Forensic Assurances. (ECF No. 20)

2. Benchling's Opposition (ECF No. 28) concedes the core factual predicates for preservation relief: (1) the "Benchling Offer Illustrator" file was shared with Plaintiff during employment negotiations; (2) the file is now inaccessible to Plaintiff and appears as "Deleted"; and (3) the file, its metadata, and its audit logs reside exclusively within Benchling's Google Workspace environment. Despite this posture, Benchling offers no screenshots, no audit-log entries, no version-history extracts, and no technical evidence substantiating its claims regarding the file's continued existence.

3. The absence of any evidentiary support—despite Benchling's delayed litigation hold, which it states did not begin until December 5, 2022, rather than when preservation obligations first attached in September or November 2022—underscores the factual gaps in Benchling's account and reinforces why limited preservation assurances are necessary now.

4.	Benchling's procedural arguments are likewise unserviceable. Benchling's assertion that Plaintiff's motion is "premature" under Rules 26(d) and 37(e) in-fact misstates both rules. Rule 37(e) governs sanctions after ESI is lost; it does not restrict the Court's inherent power to order prospective *preservation* where *evidence is at risk,* or where a party with unilateral control refuses to verify that critical files remain intact.

5.	Perhaps most glaringly, Benchling's reliance on Rule 37(e) as a shield *presumes that this case will remain governed by the Federal Rules of Civil Procedure*. That premise is in direct conflict with Benchling's pending Motion to Compel Arbitration, in which *Benchling seeks to extinguish the applicability of the Federal Rules altogether—including Rule 37(e)—by shifting this dispute into a forum where no such procedural protections exist*. This dynamic heightens the need for preservation relief now, before any potential displacement of this Court's jurisdiction removes the procedural protections that the Federal Rules currently provide.

6.	Arbitration would eliminate the very Rule-based protections Benchling inappropriately invokes in its Opposition to defeat preservation. Benchling cannot simultaneously rely on Federal procedural rules when advantageous while insisting those same Rules be disregarded in favor of an arbitral forum that offers no comparable preservation or spoliation framework.

7.	Benchling's approach effectively treats the Federal Rules as optional—invoked when beneficial and disregarded when inconvenient—highlighting the internal incoherence of its procedural posture.

8.	This contradiction is illustrated further by the underlying facts. The missing "Benchling Offer Illustrator" file—shared with Plaintiff before any alleged arbitration

agreement and *absolutely central* to the formation dispute—remains inaccessible and is now marked "Deleted," despite Benchling's assertion that a litigation hold was implemented only on December 5, 2022. These discrepancies in Benchling's procedural position and its substantive narrative regarding preservation raise more questions than they answer and reinforce the need for judicial intervention now, before additional uncertainty or loss of evidence occurs. On the current evidentiary record, the only defensible conclusion is that the file is, consistent with Google's designation, "Deleted."

9.   Plaintiff seeks targeted relief: confirmation that the "Benchling Offer Illustrator" file still exists in its authentic and original form in Benchling's system, and preservation of its metadata, version history, and audit logs. These measures impose minimal burden and prevent prejudice already suggested by the file's unexplained transition to a "Deleted" state despite a purported three-year litigation hold.

10.  For these reasons, and those stated in Plaintiff's underlying motion papers, the Motion for Preservation and Forensic Assurances should be granted.

Dated: November 18, 2025

                                               Respectfully Submitted,

                                               **PLAINTIFF, PRO SE**

                                               /s/ Julian Ross

                                               Julian Ross
                                               105 East Street
                                               Apt. B
                                               Hadley, MA 01035
                                               413-531-9810
                                               jross21@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed through the

Court's CM/ECF system, which will send notice electronically to all counsel of record.

                    PLAINTIFF, PRO SE

                    */s/* Julian Ross

                    Julian Ross
                    105 East Street
                    Apt. B
                    Hadley, MA 01035
                    (413) 531-9810
                    jross21@gmail.com
                    Pro Se Plaintiff