UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN ROSS,<br><br>         *Plaintiff*<br><br>v.<br><br>BENCHLING, INC.,<br><br>         *Defendant* | Civil Action<br><br>Case No. 3:25-cv-30158-MGM |

### COUNT III — ADA – 'REGARDED AS' DISABILITY DISCRIMINATION

### (42 U.S.C. § 12102(1)(C))

1.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

2.  Under 42 U.S.C. § 12102(1)(C), an individual is "regarded as" disabled when an employer takes adverse action because it perceives the employee to have a physical or mental impairment, whether or not the impairment substantially limits a major life activity.

3.  Defendant acted on perceptions related to Plaintiff's medical-leave status rather than his performance. Benchling perceived Plaintiff as having medical needs that would require leave or accommodation and treated him as a less favorable employment prospect as a result. Management's conduct reflected a belief that Plaintiff's protected medical status made him less desirable to retain or promote.

4.  Benchling's perception materially influenced multiple adverse actions, including:

    a. delaying reinstatement for two weeks following Plaintiff's April 18 return notwithstanding full medical clearance (April 18 - May 1);

    b. restricting account access and commission-eligible work following leave when similarly situated SDRs faced no such restrictions;

    c. removal of or changes to key enterprise accounts mid-quarter without explanation;

    d. exclusion from developmental, promotional, and conference opportunities after Plaintiff's leave;

    e. disparate treatment and marginalization inconsistent with his performance record; and

    f. termination on September 15, 2022, eight days after Plaintiff notified HR of physician-directed intermittent leave.

5. Each of these actions was undertaken at a time when Benchling had clear notice of Plaintiff's disability, accommodation status, and intermittent-leave needs, and when management increasingly viewed Plaintiff's medical condition as a liability.

6. Benchling's asserted "performance" termination rationale was purely pretextual. Plaintiff achieved 100% of quota for FY23 Q2, led the Enterprise SDR organization in pipeline generation, and received explicit praise and promotion assurances weeks before termination. No contemporaneous documentation reflects any performance concerns.

7. The abrupt shift in managerial treatment following Plaintiff's medical disclosures, combined with the absence of legitimate justification, supports a strong inference that Plaintiff was terminated and otherwise penalized because Benchling regarded him as impaired within the meaning of 42 U.S.C. § 12102(3)(A).

8.      Benchling's conduct constitutes discrimination "because of" a perceived impairment under 42 U.S.C. § 12112(a), including subjecting Plaintiff to adverse terms and conditions of employment and terminating him on a prohibited basis.

9.      As a direct and proximate result, Plaintiff suffered lost wages, benefits, commissions, career opportunities, reputational harm, and emotional distress. Defendant acted intentionally or with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages, attorneys' fees, costs, and all other relief authorized by law.

Dated: November 23, 2025

                                  Respectfully Submitted,

                                  **PLAINTIFF, PRO SE**

                                  /s/ Julian Ross
Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
413-531-9810
jross21@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed through the

Court's CM/ECF system, which will send notice electronically to all counsel of record.

**PLAINTIFF, PRO SE**

*/s/* Julian Ross

Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
(413) 531-9810
jross21@gmail.com
Pro Se Plaintiff