# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JULIAN ROSS,

          Plaintiff,

v.

BENCHLING, INC.,

          Defendant.

Civil Action No.: 3:25-cv-30158-MGM

Judge Mark G. Mastroianni

## BENCHLING'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SHORT REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRESERVATION OF EVIDENCE

Defendant Benchling, Inc. ("Benchling"), by and through its undersigned counsel, hereby respectfully submits this Response in Opposition to Plaintiff's Motion for Leave ("Motion for Leave") to File a Short Reply to Defendant's Opposition ("Opposition") to Plaintiff's Motion for Preservation of Evidence ("Preservation Motion"). In support of this Response, Benchling states as follows:

## PRELIMINARY STATEMENT

To justify his Reply, Plaintiff misrepresents not only Defendant's Opposition but Benchling's Local Rule 7.1(a)(2) conferral efforts. The Opposition does not introduce new factual assertions or legal theories. Rather, it sharpens the salient issues and reinforces the impropriety of Plaintiff's Preservation Motion.

Beyond that, and for the *third* time, Plaintiff misrepresents his conferral efforts with Benchling. Plaintiff filed his Motion for Leave *less than 24 hours* after first communicating with Benchling about the relief sought, foreclosing a substantive and productive conferral Local Rule 7.1(a)(2) contemplates and demands. Plaintiff's failure to meaningfully confer with Benchling not

-1-

only contravenes Local Rule 7.1(a)(2)'s spirit and purpose, it provides separate and independent grounds to deny Plaintiff's Motion for Leave.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

Notwithstanding his agreement to arbitrate, on September 2, 2025, Plaintiff commenced two lawsuits arising from the "same facts" against Benchling (*see* ECF 1, p. 16): (i) the instant action (the "Federal Court Action") and (ii) Case Number 3:25-cv-30176-MGM, which Benchling properly removed from the Commonwealth of Massachusetts, Hampshire County Superior Court to the District of Massachusetts on October 9, 2025 (the "State Court Action") (together, the "Actions").

Because arbitration is the proper forum for Plaintiff's claims pursuant to the valid and enforceable Arbitration Agreement he executed (the "Arbitration Agreement," or the "Agreement"), Defendant moved to compel arbitration on October 14, 2025. (*See* ECF 11). By its express terms, the Agreement requires Plaintiff "submit to mandatory binding arbitration any dispute, claim or controversy arising out of or relating to [Plaintiff's employment with Benchling]." (*See* ECF 11, at 11-2). Alternatively, Benchling moves to dismiss Plaintiff's Electronic Communications Privacy Act and Stored Communications Act claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF 11). In the State Court Action, just as in its federal counterpart, Benchling moves to compel arbitration and to partially dismiss the Complaint. In the State Court Action, Benchling also moves to consolidate the Actions given the identity of parties, claims and operative facts. (*See* State Court Action, Case No. 3:25-cv-30176, ECF 6).

On October 28, 2025, Plaintiff emailed counsel for Benchling seeking confirmation regarding preservation of the "Benchling Offer Illustrator" Google Sheets file and associated metadata, including audit-log information. Benchling's counsel responded on October 31, 2025,

confirming Benchling (i) implemented a litigation hold in December 2022, (ii) preserved relevant documentation and information since that time, and (iii) did not delete the Offer Illustrator file or any other document subject to the litigation hold after the hold's implementation. (*See* ECF 28). Benchling's counsel's consistent representations did not satisfy Plaintiff, and on November 3, 2025 (ECF 20), he filed the baseless Preservation Motion.

## ARGUMENT

Benchling's Opposition narrows the Preservation Motion's factual and legal issues and obviates the need for the Reply. Benchling's Declaration ("Declaration") concisely and pointedly addresses Benchling's implementation of its litigation hold – the sole issue underpinning Plaintiff's Preservation Motion. And Benchling simply cites and relies upon the appropriate and relevant legal standards. (*See* ECF 28). Plaintiff's misreading of the Declaration and his failure to invoke the proper legal framework does not entitle him to a Reply. *See Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc.*, No. 18-40207-MGM, 2019 U.S. Dist. LEXIS 225266, at *2 (D. Mass. July 26, 2019) (granting the plaintiff leave to file a reply brief where it "clarifie[d] and narrow[ed] the issues" in the motion).

Furthermore, and for at least the *third* time, Plaintiff misrepresents the parties' conferral efforts. (*See* ECF 25, 32). On November 17, 2025, Plaintiff notified Benchling's counsel he intended to file the Motion for Leave. Less than 24 hours later, counsel confirmed receipt and advised Plaintiff it would confer internally and notify Plaintiff of its position. *See* November 17-18 email exchange, attached hereto as **Exhibit A**. Notwithstanding – and not even 24 hours after first communicating with counsel – Plaintiff filed the Motion and vaguely and disingenuously represented to the Court "[a]t the time of filing, Benchling has not provided a response regarding assent, opposition or neutrality to this motion." (*See* ECF 29, p. 4).

Tellingly, and despite Benchling's express request, Plaintiff fails to append to the Motion his conferral communications with counsel. (*See* Exhibit A). Plaintiff cannot misrepresent Benchling's conferral efforts – and undermine Local Rule 7.1(a)(2)'s spirit and purpose – to mar Benchling before this Court. *See Sensitech, Inc. v. LimeStone FZE*, 581 F. Supp. 3d 342, 350 (D. Mass. 2022) ("[Local Rule 7.1(a)(2)] is designed to ensure that parties present issues to the Court only after they have determined that judicial intervention is necessary."); *Safeguard Props. Mgmt., LLC v. Zoll*, No. 22-CV-11004-DJC, 2022 WL 16838781, at *4 (D. Mass. Nov. 8, 2022) ("Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources.").

If anything, Plaintiff's persistent misstatements demonstrate his non-compliance with Local Rule 7.1(a)(2) and cement the impropriety of his Motion for Leave. *See Taal v. Zwirner*, No. CIV. 02-131-M, 2003 WL 1191394, at *4 (D.N.H. Mar. 10, 2003) ("Plaintiffs' pro se status does not excuse them from complying with the federal rules, nor does it confer upon them an unfettered license to file unsupported, baseless, or frivolous motions, thereby causing defendants to needlessly incur additional attorneys' fees and the court to unnecessarily tie up judicial resources."); *Rissman Hendricks & Oliverio, LLP v. MIV Therapeutics Inc.*, No. CV 11-10791-MLW, 2013 WL 12321564, at *1 (D. Mass. June 14, 2013) ("A district court may deny a motion, without prejudice, for failure to comply with the Local Rules."); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101-02 (D. Mass 1996) (motion denied without prejudice because of failure to consult prior to filing as required by Local Rule 7.1(A)(2)).

WHEREFORE, Defendant Benchling, Inc. respectfully requests this Court deny Plaintiff's Motion for Leave, strike his Reply and grant any relief this Court deems necessary and proper.

Dated: December 1, 2025

Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**


*/s/ Katherine H. Oblak*

Shawn D. Fabian, Ill. Bar No. 6310637 (*pro hac vice* admission)
Katherine Oblak, Ill. Bar No. 6307200 (*pro hac vice* admission)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
312.499.6300
sfabian@sheppardmullin.com
koblak@sheppardmullin.com

Conrad J. Bletzer, Jr., BBO No. 045760
**BLETZER & BLETZER, PC**
300 Market Street
Brighton, MA 02135
617.254.8900
conrad@bletzerlaw.com


*Attorneys for Defendant Benchling, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing RESPONSE IN OPPOSITION was electronically filed with the Clerk of the Court on December 1, 2025, and that a copy of the foregoing instrument was automatically sent via this Court's ECF system to all parties of record.

*/s/ Katherine H. Oblak*