# EXHIBIT A

| | |
|---|---|
| **From:** | Katherine Oblak |
| **To:** | "Julian Ross" |
| **Cc:** | Shawn Fabian; Conrad Bletzer, Jr; Catherine Wheeler |
| **Subject:** | RE: Correction Request re: L.R. 7.1 Conferral (ECF 25) |
| **Date:** | Tuesday, November 18, 2025 3:17:36 PM |

Mr. Ross,

Yet again, you proceeded to file a motion before Benchling had the opportunity to provide its position. This time, you filed the motion *less than 24 hours* after first notifying counsel you intended to file it.

Please understand, as Mr. Bletzer previously advised you, it is unreasonable to impose these beyond-compressed deadlines upon Benchling. It takes time for counsel to confer with our client. It is impractical to think counsel's and Benchling's schedules allow them to confer immediately upon counsel's receipt of your correspondences, which have become rather incessant. That said, we have timely responded to all of your many email communications. Failure to respond by your arbitrary and mandated deadlines does not render Benchling's responses untimely.

And, as evidenced by the timing of your many emails and subsequent filings, you often do not even wait until the expiration of your own imposed deadlines before submitting your filings. Given this persistent conduct, as well as your misrepresentations to the Court that Benchling has failed to satisfy its meet-and-confer obligations and/or untimely conferred, we respectfully request you attach to your filings the parties' conferral emails regarding the relief sought. Benchling will do the same.

Best,

**Katherine H. Oblak** | Partner
+1 312-499-6372 | direct
KOblak@sheppardmullin.com | Bio

**Sheppard**Mullin

321 North Clark Street, 32nd Floor
Chicago, IL 60654
+1 312-499-6300 | main
www.sheppardmullin.com | LinkedIn

**From:** Julian Ross <jross21@gmail.com>
**Sent:** Tuesday, November 18, 2025 11:24 AM
**To:** Katherine Oblak <KOblak@sheppardmullin.com>
**Cc:** Shawn Fabian <SFabian@sheppardmullin.com>; Conrad Bletzer, Jr <ConradBletzer@bletzerlaw.com>; Catherine Wheeler <cwheeler@bletzerlaw.com>
**Subject:** Re: Correction Request re: L.R. 7.1 Conferral (ECF 25)

Ms. Oblak,

You are correct that I have not provided the full details of my forthcoming motion and reply. This is in light of the pattern of non-responsive and procedurally deficient conferral communications from your team. Local Rule 7.1(a)(2) requires meaningful engagement, not advance notice of filings for your internal benefit. Given the lack of timely or substantive

responses to multiple conferral requests since November 10, there is no practical basis for me to disclose my full arguments up front, only to receive no meaningful engagement in return.

Nevertheless, in the interest of good faith and to avoid any suggestion of opacity, I can provide the following information regarding the reply brief I intend to file. The reply will address: (1) numerous internal inconsistencies in Benchling's Opposition, including its treatment of Rule 37(e) and the Federal Rules, in obvious contradiction with its efforts to compel arbitration (rendering gestures to Rule 37(e) moot); (2) glaring deficiencies in Benchling's representations concerning the preservation and current status of the "Benchling Offer Illustrator" file; and (3) the need for limited judicial intervention—relief that is both targeted and appropriate under the circumstances.

I intend to file the motion for leave and the short reply this afternoon. Please advise of Benchling's position ASAP so that I may accurately reflect it in my Local Rule 7.1(a)(2) certification. If no position is provided, I will note that in my certification.

Lastly, I must reiterate that your team continues to obscure the issue and delay addressing the requested correction to ECF No. 25. It is not tenable to assert that I am providing insufficient detail for conferral while simultaneously maintaining that Benchling requires nearly two weeks to address a simple and straightforward factual correction concerning representations made to the Court. That inconsistency speaks for itself. I cannot allow Benchling's misstatements to remain on the record uncorrected for an extended period. If your team is unwilling to proactively issue a correction, I will file one myself so that the docket reflects an accurate account of what occurred.

Please understand that your team's continued delays, non-responsive conferral practices, and failure to return multiple voicemails over the past several weeks are prejudicing my ability to protect the record and prosecute my case. I am documenting each instance accordingly.

Notably, these conferral problems arose *only after I raised the issue of spoliation* and preservation regarding the "Benchling Offer Illustrator" file, which makes the pattern of non-responsiveness all the more concerning.

Sincerely,
Julian Ross


On Tue, Nov 18, 2025 at 12:00 PM Katherine Oblak <KOblak@sheppardmullin.com> wrote:
> Mr. Ross,

As I mentioned yesterday morning, Benchling will provide a written response to your November 10 correspondence by November 21. Benchling's position has not changed since I relayed this information to you.

As to your intention to seek leave to file a reply brief, we will confer with Benchling and let you know its position. It is noteworthy that you deemed my November 3 conferral email – in which I addressed specific arguments Benchling intended to raise in its reply brief in support of its Motions to Compel/Dismiss – non-compliant with the Local Rules because it was "vague and ambiguous to a degree that makes it impossible to substantively respond one way or the other."

Your general intention to address "several internal contradictions" in a reply brief falls squarely within the generalities you deemed non-compliant only weeks ago. While I do not think Local Rule 7.1(a)(2) contemplates or requires the parties to preview their arguments in detail – as you suggested in your November 4 email – you cannot hold Benchling to standards to which you do not adhere.

We will advise you of Benchling's position once we confer with them.

Best,

**Katherine H. Oblak** | Partner
+1 312-499-6372 | direct
KOblak@sheppardmullin.com | Bio

**SheppardMullin**

321 North Clark Street, 32nd Floor
Chicago, IL 60654
+1 312-499-6300 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Julian Ross <jross21@gmail.com>
**Sent:** Monday, November 17, 2025 7:45 PM
**To:** Katherine Oblak <KOblak@sheppardmullin.com>
**Cc:** Conrad Bletzer, Jr <ConradBletzer@bletzerlaw.com>; Shawn Fabian <SFabian@sheppardmullin.com>; Catherine Wheeler <cwheeler@bletzerlaw.com>
**Subject:** Re: Correction Request re: L.R. 7.1 Conferral (ECF 25)

Ms. Oblak,

ECF 28 (-30158), filed today, again makes no reference to the correction I requested on November 10 regarding Benchling's inaccurate statements about Local Rule 7.1(a)(2) conferral in ECF 25 (and ECF 27 in -30158). At this point, the omission indicates that Benchling does not intend to correct the record. If that is indeed your position, please explain why a straightforward factual clarification requires nearly two weeks (Nov 10 - Nov 21) to provide.

On a separate note, I intend to move the Court for leave to file a reply addressing several internal contradictions in Benchling's opposition. Please *promptly* advise of Benchling's position on that request so I may accurately reflect it in my Rule 7.1(a)(2) certification. If I receive no response, I will note that Benchling did not provide one.

Thank you,
Julian Ross
Pro Se Plaintiff

