# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

JULIAN ROSS,

*Plaintiff*

v.                                                        Civil Case No.

BENCHLING, INC.,                                  3:25-cv-30158-MGM

*Defendant*

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR PRESERVATION AND FORENSIC ASSURANCES

### Introduction

Plaintiff respectfully moves for leave to file the attached Supplemental Declaration in further support of his Motion for Preservation and Forensic Assurances (Dkt. 20). Since filing that motion, Plaintiff discovered new material facts bearing directly on Benchling's document-preservation practices. Those facts concern the divergent states of two Google Workspace files that Benchling shared with him in May 2021. The proposed supplemental declaration is limited to this technical comparison and does not expand the legal theories or relief sought.

### Grounds for Relief

1.      On December 6, 2025, Plaintiff accessed the two hyperlinks that Benchling provided in May 2021 to the "Benchling Offer Illustrator – Julian Ross" and "Benchling's Employee Perks

Page 1 of 5

and Benefits" documents. The former link returned the message "Sorry, the file you have requested has been deleted." (Dkt. 20-3.) The latter returned a page stating "Request access, or switch to an account with access," meaning the document still exists but the viewer lacks permission.

2.      These two hyperlinks were emailed by Benchling within days of each other and reside in the same Google Workspace domain. The contrasting messages signify two different file states: one document has been deleted from active storage, while the other persists but is permission-restricted. This differentiation is driven by Google's systems and Benchling's actions within those systems, not by Plaintiff's credentials or network conditions.

3.      The "Benchling Offer Illustrator" document memorialised the essential terms of Plaintiff's employment and is directly at issue in this litigation.

4.      Benchling has offered no audit logs, metadata, or other records to explain when or why it was deleted. Under Fed. R. Civ. P. 37(e) and the Court's inherent authority, deletion of a key document after litigation was reasonably foreseeable raises a spoliation concern. The supplementary evidence underscores why preservation and forensic assurances are warranted.

5.      The supplemental declaration attaches two exhibits: **Exhibit B** is a true and correct screenshot of the May 12, 2021 email containing the "Perks and Benefits" hyperlink; and **Exhibit C** is a true and correct screenshot of the "Request access" message produced when that hyperlink is opened from Plaintiff's email account. These materials illustrate the distinction between deletion and access restriction on Benchling's Google Workspace platform. They do not broaden the relief requested or inject new legal theories; their sole purpose is to complete the factual record and inform the Court.

6.      The new information was not discovered until after Plaintiff filed his motion for

preservation. It bears directly on the Court's assessment of Benchling's document-retention practices.

7.      Granting leave will facilitate a more accurate adjudication and will not prejudice Benchling, as the supplemental declaration is short, focused and filed promptly upon discovery of the facts.

## Exhibits:

A.  Supplemental Declaration of Julian Ross

B.  May 12, 2021 Email from Benchling with "Perks and Benefits" link

C.  "Perks and Benefits" — "Request Access" screenshot

## Local Rule 7.1(a)(2) Certification

Pursuant to Local Rule 7.1(a)(2), Plaintiff certifies that he conferred with counsel for Benchling on December 8, 2025 via email regarding the relief requested herein. Benchling stated that it opposes this motion.

To maintain an accurate procedural record, Plaintiff notes that—contrary to Benchling's recent mischaracterizations in Dkt. Nos. 32 and 33—he has consistently provided timely, substantive conferral communications and has certified those efforts accurately and in good faith.

Dated: December 11, 2025

Respectfully Submitted,

**PLAINTIFF, PRO SE**

 /s/ Julian Ross
Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
413-531-9810
jross21@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed through the

Court's CM/ECF system, which will send notice electronically to all counsel of record.

**PLAINTIFF, PRO SE**

*/s/* Julian Ross

Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
(413) 531-9810
jross21@gmail.com
Pro Se Plaintiff