UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN ROSS, *Plaintiff* v. BENCHLING, INC., *Defendant* | Civil Case No. 3:25-cv-30158-MGM |

**DECLARATION OF JULIAN ROSS IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRESERVATION OF EVIDENCE**

I, Julian Ross, declare as follows:

1. I am the Plaintiff in this matter, proceeding Pro Se. The facts set forth below are based on my personal knowledge; if called as a witness I could and would testify competently to them.

2. On December 6, 2025, at approximately 1:45 p.m. ET, I accessed my personal email account to review two emails Benchling sent to me in 2021:

    a. an email titled "Benchling Offer Illustrator – Julian Ross – Invitation to edit" dated May 10, 2021 (Dkt. 20-2); and

    b. an email titled "Benchling: Congrats on your offer!" dated May 12, 2021. A true and correct screenshot of this email is attached as **Exhibit B**.

3. These two emails contain links to two distinct documents hosted in Benchling's Google Workspace environment:

    a. "Benchling Offer Illustrator – Julian Ross," which memorialised the essential terms of my employment. The May 12 email linked to; and

    b.    "<u>Benchling's Employee Perks and Benefits</u>," a document summarising ancillary benefits, like health and dental insurance.

4. When I clicked the link for the "Perks and Benefits" document, Google displayed the message: "Request access, or switch to an account with access." A true and accurate screenshot of this page is attached as **Exhibit C**.

5. From a digital-forensics perspective, an access-request banner signifies that the file persists on the server but the viewer lacks permission to open it; the object's metadata and content remain in the owner's account and could be retrieved by an administrator.

6. Immediately after viewing the "Perks and Benefits" message, I clicked the link for the "Benchling Offer Illustrator – Julian Ross" document. Google returned a different message: "Sorry, the file you have requested has been deleted." (**Dkt. 20-3**) Unlike an access restriction, a deletion notice indicates that the file has been purged or placed into a deleted state. In Google Workspace, a deleted object's unique identifier no longer resolves to a live file; recovery requires administrator-level intervention into the trash or backup system.

7. The two hyperlinks were sent within days of one another and originated in the same Google Workspace environment. The fact that the "Perks and Benefits" link now produces an access-restriction page while the "Offer Illustrator" link yields a deletion notice demonstrates that the latter document has been deleted, not merely rendered inaccessible.

8. The divergent outcomes are not attributable to my credentials or internet connection; they reflect distinct file states.

9. When my manager, Christian Haas-Kwon shared the "Benchling Offer Illustrator – Julian Ross" file on May 10, 2021, he expressly described it as my individualized offer document and the definitive written memorialization of the parties' agreement on terms—previously agreed to

on April 28, 2021.

10.     Mr. Haas-Kwon represented the "Benchling Offer Illustrator" file would remain accessible to me on an ongoing basis and advised that it would serve as the lasting and reviewable reference for the terms under which I had accepted employment.

11.     In early November 2025, while preparing litigation materials, I attempted to access the "Benchling Offer Illustrator" file and discovered that Google reported it as deleted. (**Dkt. 20**)

12.     I confirmed at that time—and again on December 6—that my internet connection, login credentials and device were functioning properly.

13.     The contrast between the extant, access-restricted state of the "Perks and Benefits" file and the "Deleted" designation applied to the "Benchling Offer Illustrator" file eliminates any residual ambiguity that may have existed when Plaintiff filed Dkt. 20. What previously supported a highly-reasonable inference of deletion now establishes it conclusively: the comparator evidence demonstrates that the Offer Illustrator was not merely permission-restricted or administratively inaccessible, but affirmatively removed from Benchling's Google Workspace environment altogether. This side-by-side disparity renders the conclusion of deletion *indisputable*.

14.     Given that the "Benchling Offer Illustrator" document memorialised contractual terms central to this litigation and that Benchling was on notice of potential litigation, its deletion underscores the need for relief from this Court.

15.     I submit this declaration in support of my motion for preservation of evidence and forensic assurances. It does not enlarge the relief sought; rather, it ensures that the Court has a complete factual record when evaluating the risk of spoliation.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 11, 2025

           Respectfully Submitted,

           **PLAINTIFF, PRO SE**

            /s/ Julian Ross
           Julian Ross
           105 East Street
           Apt. B
           Hadley, MA 01035
           413-531-9810
           jross21@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed through the

Court's CM/ECF system, which will send notice electronically to all counsel of record.


**PLAINTIFF, PRO SE**

*/s/* Julian Ross

Julian Ross
105 East Street
Apt. B
Hadley, MA 01035
(413) 531-9810
jross21@gmail.com
Pro Se Plaintiff