UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JULIAN ROSS,

        Plaintiff,

v.

BENCHLING, INC.,

        Defendant.

Civil Action No.: 3:25-cv-30158-MGM

Judge Mark G. Mastroianni

## BENCHLING'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR PRESERVATION AND FORENSIC ASSURANCES

Defendant Benchling, Inc. ("Benchling"), by and through its undersigned counsel, hereby respectfully submits this Response in Opposition to Plaintiff's Motion for Leave ("Motion") to File a Supplemental Declaration in Support of his Motion for Preservation and Forensic Assurances ("Preservation Motion"). In support of this Response, Benchling states as follows:

### INTRODUCTION

Under the guise of providing a "complete factual record," Plaintiff seeks to rely upon a speculative and conclusory Declaration to legitimize the extraordinary relief he seeks in his Preservation Motion. But Plaintiff's Motion lacks *any* justification to introduce the Declaration, particularly one predicated solely upon conjecture and riddled with unfounded claims of wrongdoing. More than that, the record on Plaintiff's Preservation Motion is complete and poised for decision. For these reasons, and those set forth more fully herein, this Court should deny Plaintiff's Motion with prejudice.

### RELEVANT FACTS AND PROCEDURAL BACKGROUND

On December 5, 2022, two weeks after receiving Plaintiff's initial demand correspondence and almost three years before Plaintiff filed the instant Actions (as defined herein), Benchling

implemented a formal litigation hold. (*See* ECF 28, pp. 2-3). Since that time, Benchling has and continues to preserve documentation and information relevant to Plaintiff's employment with and separation from Benchling. (*See id.*).

On September 2, 2025, Plaintiff commenced two, nearly identical lawsuits against Benchling: (i) the instant action, and (ii) Case Number 3:25-cv-30176-MGM (collectively, the "Actions"), which Benchling properly removed from the Commonwealth of Massachusetts, Hampshire County Superior Court to the District of Massachusetts on October 9, 2025. (*See* ECF 11, p. 2; ECF 6, p. 2).

On October 14, 2025, Benchling filed a Motion to Compel Arbitration Or, In the Alternative, Partially Dismiss the Complaint ("Motion to Compel/Dismiss"). (ECF 11). Plaintiff filed his Opposition thereto on October 28, 2025 (ECF 19), and Benchling filed a Motion for Leave to File a Reply Brief on November 6, 2025. (ECF 22). Both Benchling's Motion for Leave and Motion to Compel/Dismiss remain pending before this Court[1].

On October 28, 2025, Plaintiff emailed counsel for Benchling seeking confirmation regarding preservation of the "Benchling Offer Illustrator" Google Sheets file and associated metadata ("Offer Illustrator"), including audit-log information. (*See* ECF 28, pp. 2-3, Exhibit 2 thereto). Benchling's counsel responded on October 31, 2025, confirming Benchling (i) implemented a litigation hold in December 2022, (ii) preserved relevant documentation and information since that time, and (iii) did not delete the Offer Illustrator file or any other document subject to the litigation hold after the hold's implementation. (*See id.*).

---

[1] On November 21, 2025, Plaintiff filed a Motion for Leave to File a First Amended Complaint. (ECF 30). That Motion remains pending before this Court.

Notwithstanding counsel's representations, on November 3, 2025, Plaintiff filed his Preservation Motion. (ECF 20). On November 17, 2025, Benchling filed its Opposition to the Preservation Motion. (ECF 28). Thereafter, Plaintiff moved for leave to file a reply brief and appended the reply brief to same. (ECF 29, 29-1). The Preservation Motion's briefing is complete, and the Declaration is unwarranted and improper.

## ARGUMENT

The Motion (and Declaration) contain sweeping and unsubstantiated conclusions, underscoring the Motion's insufficiency and the Declaration's impropriety and futility. While Plaintiff contends the Declaration is necessary to provide a "complete factual record," (ECF 34-1, 15), his Motion and Declaration are the antithesis of complete and factual. In the Motion and Declaration, Plaintiff opines about the digital forensics of two Benchling documents he purportedly received upon his hire at the Company in 2021: (i) the Offer Illustrator and (ii) "Benchling's Employee Perks and Benefits." (ECF 34-1, 3). Plaintiff contends that upon clicking on the documents over four years later – in December 2025 – he received two different messages about their accessibility, and the distinction somehow (and inexplicably) proves Benchling spoliated evidence. (ECF 34-1, 2-4, 7, 13-14).

The Motion and Declaration are self-serving and speculative, and there is no factual or legal basis to allow the Declaration. Like the Motion itself, the Motion and Declaration lack any credible basis to suggest any spoliation occurred. Plaintiff is not (nor does he profess to be) a digital forensics expert. (ECF 34-1, 5). He has no independent knowledge of the documents' creation, existence or accessibility. Yet he summarily (and absent support or corroboration) concludes Benchling affirmatively deleted the Offer Illustrator because the purported deletion requires "administrator-level intervention." (ECF 34-1, 6).

The Declaration is rife with similar suppositional and baseless claims – none of which even remotely bear upon (let alone establish) the proof of loss, non-restorability and resulting prejudice Rule 37(e) demands. *Compare* ECF 34-1, 7, 13 (hypothesizing that the accessibility messages "demonstrate[] that the latter document [Offer Illustrator] has been deleted, not merely rendered inaccessible" and that "[t]his side-by-side disparity renders the conclusion of deletion indisputable"), *with Walsh v. Tara Constr., Inc.*, No. CV 19-10369-LTS, 2021 WL 12094222, at *3 (D. Mass. June 7, 2021) ("[A] party claiming spoliation of ESI *must establish* first that ESI has been lost and is not available in any other location.") (emphases added).

Plaintiff cannot cloak conclusory and speculative statements as a Declaration to levy unfounded and prejudicial claims of spoliation upon Benchling. (ECF 34-1, 7, 8, 13). *See* Fed. R. Civ. P. 12(f) (explaining a district court has discretion to strike "any redundant, immaterial, impertinent, or scandalous matter"). *See also Dubois v. U.S. Dep't of Agric.*, 270 F.3d 77, 80 (1st Cir. 2001) ("[T]he power to sanction must be used with great circumspection and restraint, employed in only compelling situations.").

Nor can Plaintiff introduce a Declaration to circumvent discovery properly suited for routine preservation issues. Indeed, as Plaintiff concedes, the parties have not engaged in any discovery on the spoliation issue (or any discovery, for that matter, as Benchling's Motion to Dismiss/Compel remains pending), further underscoring the Motion's and by extension, the Declaration's, impropriety. (ECF 34, 4). *See James v. U.S. Bancorp*, No. EDCV181762FLASPX, 2021 WL 1218463, at *7 (C.D. Cal. Feb. 5, 2021) (refusing to use court's inherent authority to grant spoliation motion where plaintiffs had yet to issue any written discovery requests). If anything, Plaintiff's Motion and Declaration underscore the inadequacy of the Preservation Motion and the frivolity of the relief it seeks. *See Groves Inc. v. R.C. Bremer Mktg. Assocs.,* No.

22 CV 50154, 2024 WL 4871368, at *4 (N.D. Ill. Nov. 22, 2024) ("[A] spoliation motion shouldn't be filed before discovery has been served and responded to."); *Ward v. Copenhaver*, No. 3:22-CV-00250-LPR-BBM, 2025 WL 2964335, at *13 (E.D. Ark. Oct. 20, 2025) (noting that "'spoliation motions shouldn't be filed before discovery has been served and responded to'" because there is not yet evidence to establish that the allegedly lost ESI cannot be restored or replaced).

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion with prejudice.

Dated: December 24, 2025

Respectfully submitted,

*/s/ Katherine H. Oblak*
Shawn D. Fabian, Ill. Bar No. 6310637 (*pro hac vice* admission)
Katherine Oblak, Ill. Bar No. 6307200 (*pro hac vice* admission)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
312.499.6300
sfabian@sheppardmullin.com
koblak@sheppardmullin.com

Conrad J. Bletzer, Jr., BBO No. 045760
**BLETZER & BLETZER, P.C.**
300 Market Street
Brighton, MA 02135
617.254.8900
conrad@bletzerlaw.com

*Attorneys for Defendant Benchling, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing RESPONSE IN OPPOSITION was electronically filed with the Clerk of the Court on December 24, 2025, and that a copy of the foregoing instrument was automatically sent via this Court's ECF system to all parties of record.

*/s/ Katherine Oblak.*